BROACH v. O'NEAL.

1. Where a mortgagor, owning at the time of executing the mortgage a tract of land lying all in one body, describes the same in the mortgage as containing one thousand acres more or less, and all the contiguous owners are mentioned save one, and the mortgagor himself is not named as a contiguous owner, nor any division of the tract into two parts is indicated or hinted at, and nothing appears to show or suggest that the mortgagee understood or suspected that it was the purpose of the mortgagor to except or reserve any portion of the tract, the mortgage is rightly construed as embracing the whole tract, although upon an actual survey afterwards made, the contents are found to be seventy-one and seven tenths acres more than one thousand. The omission of the name of one of the contiguous owners should be treated as casual or accidental.

2. The omission of the words "more or less," after the words one

thousand acres, from the execution founded on the judgment of foreclosure, and from the entry of levy as made thereon by the sheriff, will not vitiate the sale as a sale of the whole tract, nor limit the quantity sold and rightly to be conveyed by the sheriff, to one thousand acres of the tract. A deviation from the mortgage and from the judgment of foreclosure in so slight an element of description, the other terms of the description being substantially adhered to and being apparently sufficient to locate and identify the premises, is of no real moment or consequence.

3. It is only when a description of premises is manifestly too meager, imperfect or uncertain to serve as adequate means of identification, that the court can adjudge the description insufficient as matter of law. In the present case the adequacy of the description as applied to the whole tract, was a question for the jury. It was also a question for the jury whether the description in the declaration could be applied, under the facts in evidence, so as to identify any definite part of the whole tract as the premises sued for, and as excluding land covered by the mortgage or by the sale under the mortgage *fi. fa.*

4. Where the question of homestead or no homestead is immaterial, the head of a family can recover upon his own title without urging the homestead right. On the pleadings as ultimately shaped in the present case, the exclusion of the homestead papers when offered in evidence was harmless. The verdict was correct, and there was no error in denying a new trial. *Judgment affirmed.*

April 9, 1894. Argued at the last term.

Ejectment. Before Judge Jenkins. Jones superior court. April term, 1893.

On January 3, 1874, A. H. Broach executed a mortgage on land described therein as "one thousand acres more or less, lying in the county of Jones; one portion of said land is lying in Roberts district and the other portion in Hawkins district; joined on the north by lands of James Newsom, on east by lands of Jack Roberts, on west by lands of Wm. Johnson, and on the south by the Macon and Clinton road." The mortgage was foreclosed, and execution issued on April 26, 1877, commanding levy and sale of "one thousand acres of land in Jones county, in Hawkins and Roberts district, adjoining lands of James Newsom, Jackson Roberts, William Johnson and the Macon and Clinton road."

The entry of levy described the premises as in the execution. On June 7, 1887, the sheriff sold the land described in the levy, and made to the purchaser a deed describing the land as "one thousand acres of land, more or less, in Jones county, in Hawkins and Roberts districts, adjoining lands of James Newsom, Jackson Roberts and William Johnson, and the Macon and Clinton road; being the place now occupied by the said A. H. Broach; the adjacent proprietors of said land having changed since 1874 when the mortgage was given, said land is now more particularly bounded as follows: on the north by lands of T. R. Stripling, formerly owned by James Newsom, on the east by lands of Jackson Roberts, on the west by lands of William H. Head, formerly owned by William Johnson, on the south by Macon and Clinton road." Broach, having been dispossessed by the sheriff, caused a survey of the tract to be made in August, 1887. From the plat thereby made it appears that a part of the southern or southeastern boundary of the Broach place was the land of Joshua Harris, and that the place contained 1,071.7 acres. The tract according to the plat is of irregular shape. On August 1, 1890, Broach brought suit for 71.7 acres in the southern or southeastern corner of the tract, laying demises from himself as head of his family under the homestead laws, and from himself individually. The land sued for is "71.7 acres of land described as follows: commencing at the southeast corner of said lands and where said lands and the lands known as the W. H. Head, Johnson place and the Joshua Harris place corner, thence running north up the dividing line between the Harris and Broach place 42.80 chains; thence north 48° w. 17 chains; thence south 42° w. 42.80 chains; thence along the line between the Broach and Johnson places 17 chains to the starting point." It appeared from the plaintiff's testimony that he purchased the Broach

place in four parcels: the first in 1854, of 300 acres more or less; the second in 1871, of 100 acres more or less; the third in 1872, of 262 acres more or less; the fourth (including the land sued for) in 1873, of 325 acres more or less. These numbers of acres were mere estimates, and he always thought there were more than 1,000 acres in the tract, although he returned it for taxation as 1,000. He claimed that 71.7 acres were not embraced in the mortgage. The deed to him which covered the premises in dispute bounded the land conveyed "on north by lands of James Newsom and A. H. Broach, on the east by lands of Joshua Harris, on south by lands of Wm. Johnson, and on the west by lands of John T. and James L. Hunt."

The jury found for the defendant. Plaintiff moved for a new trial on a number of grounds, which need not be set out, as the questions made by them are sufficiently shown in the head-notes taken in connection with the foregoing recital of facts.

HARDEMAN, DAVIS & TURNER, for plaintiff.

RICHARD JOHNSON, A. M. SPEER and J. M. TERRELL, for defendant.