## SOUTHERN MUTUAL BUILDING AND LOAN ASSO-CIATION *v.* PERRY *et al.*

1. An admission by the defendants in a proceeding to foreclose a negotiable "mortgage note," that they executed the paper and that the plaintiff is the owner thereof, entitles them to open and conclude the argument.
2. The mere fact that one of two joint makers of such an instrument is the wife of the other, there being nothing upon its face to indicate that she signed as a surety, is not, though her true relation to the paper was one of suretyship only, sufficient to charge a purchaser of the paper with notice of the suretyship.

Argued February 14, — Decided March 25, 1898.

Foreclosure of mortgage. Before Judge Kimsey. Habersham superior court. March term, 1897.

*Jones & Bowden,* for plaintiff.
*J. B. Estes, Hubert Estes* and *J. C. Edwards,* for defendants.

LUMPKIN, P. J. 1. The question of practice dealt with in the first headnote has been settled by the decision of this court in *Montgomery* v. *Hunt,* 93 *Ga.* 438.

2. A "mortgage note," executed by W. S. Perry and his wife, payable to T. H. Taber or bearer, was negotiated by the latter, before its maturity, to the Southern Mutual Building and Loan Association. It instituted a foreclosure proceeding, and was met by the defense that the wife had signed the instrument as a surety only, and was therefore not liable. There was nothing on the face of the paper to indicate that her relation thereto was one of suretyship; and after a careful scrutiny of the record, we are unable to find any evidence tending to show that the plaintiff had, directly or indirectly, any notice as to the capacity in which Mrs. Perry signed, other than as disclosed by the instrument itself, which purported to have been executed by herself and her husband as joint principals. In the light of these facts, the judgment against the plaintiff was contrary to law and can not be upheld. See, in this connection, *Strickland* v. *Vance,* 99 *Ga.* 531, citing *Howard* v. *Simpkins,* 70 *Ga.* 322, and *Strauss* v. *Friend,* 73 *Ga.* 782; also, the cases of *Perkins* v. *Rowland,* 69 *Ga.* 661, and *Laster* v. *Stewart & Co.,* 89 *Ga.* 181, which are somewhat in point. The decision

in *Venable* v. *Lippold*, 102 *Ga.* 208, directly sustains the ruling now made. These decisions all proceed upon the doctrine, that while a married woman can not legally become a surety for another's debt, yet where she executes a negotiable note with another as a joint principal, and it has been transferred to a bona fide purchaser for value, before maturity and without notice, it is binding upon her, notwithstanding her purpose in signing the note was to enter into a contract of suretyship only. Clearly, in such case, she is estopped from denying that she executed the paper in the relation she apparently assumed in fixing her name to it. Inasmuch as a married woman may make and put into circulation, without regard to her coverture, a negotiable paper signed by herself and another as joint principals, which (unless the transaction is merely colorable) will be binding upon her, she will not, when she has apparently done this identical thing and invited innocent third persons to part with their money on the faith thereof, be permitted to allege otherwise as against a bona fide holder of the paper who purchased it in entire good faith before maturity.

*Judgment reversed. All concurring, except Cobb, J., absent.*