## WHITAKER, administrator, *v.* ARNOLD.

1. Before a defendant in a civil action arising ex contractu can demand the right to open and conclude, he must in his pleadings admit enough to make out a prima facie case for the plaintiff.
2. Evidence as to what a deceased witness testified on a previous trial is not admissible, when it appears that the issue therein involved was not substantially the same as that in controversy on the trial at which such evidence is tendered.
3. Rejecting testimony offered for the purpose of proving a given fact is not cause for a new trial, when the opposite party as a witness admits this fact and it is manifestly one as to which the parties are not at issue.

4. When, in a trial by a jury in a magistrate's court, no material error of law is committed by the presiding justice and the evidence demands the verdict rendered, the superior court ought not to sustain a certiorari sued out by the losing party.

Submitted April 30, — Decided May 16, 1900.

Certiorari. Before Judge Harris. Heard superior court. September term, 1899.

*Frank S. Loftin* and *D. B. Whitaker,* for plaintiff.

*William Laelius Stallings* and *Thomas B. Davis,* for defendant.

LUMPKIN, P. J. It appears from the record that M. A. Arnold made and delivered to P. H. Whitaker a promissory note for one thousand pounds of middling lint-cotton, payable on a. day named. Subsequently the payee died, and J. J. Whitaker, as administrator upon his estate, brought against Arnold in a justice's court an action upon this note. The defendant filed an answer in which he admitted the execution of the instrument sued on, and that the plaintiff was the legal holder and owner of the same. The case was tried on appeal before a jury, who returned a verdict in favor of the plaintiff. The defendant then sued out a certiorari, pending which in the superior court J. J. Whitaker died and D. B. Whitaker was made a party in his. stead. The certiorari was sustained, and the plaintiff excepted.. We will now dispose of the questions involved in the case.

1. The plaintiff in certiorari alleged that the magistrate erred in denying him the opening and conclusion. The magistrate was right in so doing. In order to entitle a defendant, in a case like the present, to open and conclude, he must in his answer admit enough to make out a prima facie case in favor of the plaintiff, so as to relieve the latter from introducing any evidence for that purpose. *Abel* v. *Jarratt,* 100 *Ga.* 732; *W. & A. R. R. Co.* v. *Brown,* 102 *Ga.* 13. As the note sued on was payable in middling lint-cotton, and as there was no admission as to the value of such cotton at the time of the maturity of the note, the plaintiff was compelled to introduce evidence showing what such value then was, and accordingly had the right to. open and conclude, the defendant having introduced testimony..

2. Prior to the trial of the present case in the magistrate's court, there had been a trial of an action by J. J. Whitaker, as administrator of P. H. Whitaker, against M. A. Arnold, upon a promissory note given by the defendant to J. J. Whitaker as such administrator. At that trial Andy Arnold was sworn as a witness. He afterwards died. At the trial of the present case in the magistrate's court, the defendant offered as a witness one T. B. Davis for the purpose of proving what Andy Arnold's testimony was on the previous trial. The evidence as to the testimony of Davis was rejected, and complaint of this is made in the petition for certiorari. The magistrate's ruling upon this question was right. It appears from his answer to the certiorari that the question at issue in the former trial was what were the terms of a contract between M. A. Arnold and J. J. Whitaker as administrator, while the contract involved in the present case was one between M. A. Arnold and P. H. Whitaker made during the lifetime of the latter. Section 5186 of the Civil Code does not make admissible the testimony of a deceased witness given on a former trial, unless it was "upon substantially the same issue" as that involved in the trial wherein evidence as to what such testimony was is tendered.

3. It was material to the defense set up by M. A. Arnold to show that he had paid for a certain lot which he had purchased from P. H. Whitaker. With this end in view, the defendant offered in evidence a deed to himself from J. J. Whitaker as administrator. It is alleged as error that the magistrate declined to admit this deed in evidence, it being rejected on the ground that it was irrelevant. Even if the magistrate erred in this ruling, it certainly resulted in no injury to the defendant, because the plaintiff had already testified that M. A. Arnold had paid for the lot in question, and as to this matter there was no dispute between the parties.

4. According to the magistrate's answer, there was not a particle of evidence sustaining the defense set up by the defendant, that his promise was conditional only; and as the plaintiff made out a prima facie case, the verdict in his favor was absolutely demanded. The defense completely broke down, because the evidence offered to sustain it was rejected, and, as has been

seen, the magistrate rightly refused to allow this evidence to be introduced. As he committed no material error of law, and as the verdict returned by the jury was the only legal outcome of the trial, the superior court erred in sustaining the certiorari.

*Judgment reversed. All concurring, except Fish, J., absent.*