## WALKER *v.* BRYANT.

1. There is no law for traversing in the Supreme Court the truth of an affidavit made for the purpose of carrying up a case in forma pauperis.

(a) One who knowingly, wilfully, and falsely makes such an affidavit is, however, subject to a criminal prosecution.

(b) The practice of recklessly making such affidavits condemned.

2. An admission in an answer to an action upon a promissory note, when in other respects sufficient to entitle the defendant to open and conclude, is not rendered ineffectual for this purpose because it is followed by a general denial of indebtedness upon the note.

3. When, in defense to an action by a vendor against a vendee of land for an alleged balance of the purchase-money, the defendant sought to defeat a re-

covery against himself and obtain a verdict against the plaintiff on the grounds that the sale was by the acre, that there was a deficiency in the number of acres bargained for, and that the defendant had paid to the plaintiff more than the land actually delivered came to at the contract price, it was not material whether representations as to the quantity of the land, made by the vendor to the vendee for the purpose of inducing him to purchase, were bona fide or fraudulent ; nor was so much of section 3542 of the Civil Code as relates to the sales of land " by the tract or entire body" applicable.

4. Evidence as to the character and value of land belonging to the plaintiff and adjoining that sold to the defendant was not, in the trial of such a case, relevant.

5. Where a bond for title recited that the obligor had sold to the obligee a definitely described lot of land, containing a specified number of acres, " more or less," for a designated sum, parol evidence was not admissible to show that the sale of the land was " by the acre " and not " by the tract."

6. The verdict, under the law and the evidence, was more favorable to the plaintiff in error than he was entitled to, and therefore he had no right to complain of it or of rulings which, though erroneous, did not operate to his prejudice.

Argued October 5, — Decided December 19, 1900.

Complaint.　　Before Judge Reece.　　City court of Floyd county. August 24, 1900.

*M. B. Eubanks* and *G. A: H. Harris & Son,* for plaintiff in error. *J. Branham* and *Lipscomb & Willingham,* contra.

LUMPKIN, P. J.　A motion was made to dismiss the writ of error, on the ground that the case had been "brought here on a pauper affidavit," when, as matter of fact, the plaintiff in error was not unable from poverty to pay the costs.　In support of this motion counsel for defendant in error tendered a certified copy of the returns for taxes made by the plaintiff in error for the present year, showing that he had at least $1,840 worth of property; and also insisted that the facts disclosed by the record made it clear that he could not honestly have taken the pauper oath.

1. We can not, of course, consider the evidence afforded by the transcript of the tax returns.　There is no law which authorizes us to do so.　As to the facts appearing in the record, we can only say that they do most strongly indicate that the plaintiff in error is a man of means and that he ought not to have sworn that he was unable from poverty to pay the costs.　Be this as it may, we can not sustain the motion to dismiss.　Paragraph 1 of section 21, art. 7 of the constitution reads as follows: "The costs in the Supreme Court shall not exceed ten dollars, until otherwise provided

by law. Plaintiffs in error shall not be required to pay costs in said court when the usual pauper oath is filed in the court below." Civil Code, § 5881. The filing of "the usual pauper oath" in the court below, whether the affiant takes this oath conscientiously or corruptly, ends the matter so far as this court is concerned. It has no authority to inquire into the truthfulness or good faith of the affidavit. The only remedy for an abuse of this provision of the fundamental law is a criminal prosecution. It is painfully apparent that the fear of such a prosecution utterly fails to restrain many litigants from swearing falsely for the purpose of saving a few dollars. The Justices of this court know with certainty that pauper affidavits have often been made by persons who could not have done so honestly. We say "with certainty" because it is frequently shown beyond doubt, on the face of a record, that the plaintiff in error was a person of ample means, unquestionably able to pay the costs, and yet swore solemnly he could not do so. It seems to have become a common practice to take this oath merely because the affiant at the time of so doing has not in his pocket a sufficient amount of ready cash to pay the costs. We have been unable to shut our eyes to many flagrant instances of human depravity with reference to this matter of making false pauper oaths, but we have no power to correct this great and growing evil. If a party is willing to make a false oath in order to avoid paying costs, and escapes prosecution and punishment for the felony thus committed, we can not, under existing laws, dismiss his writ of error for non-payment of costs. About one third of the cases brought here come up in forma pauperis. So far as relates to honest litigants who are really poor, we have naught to say against the law; but the constant abuse of it by persons who can pay costs and who corruptly swear they are unable to do so is certainly deplorable.

2. Before dealing with the case upon its merits, we will first dispose of another question of practice. The action was upon a promissory note. In his answer the defendant admitted the execution of the note and title thereto in the plaintiff. This, under numerous decisions of this court, was sufficient to entitle the defendant to open and conclude. *Montgomery* v. *Hunt,* 93 *Ga.* 438; *Levens* v. *Smith,* 102 *Ga.* 480; *Southern Mutual Assn.* v. *Perry,* 103 *Ga.* 800; *Swanson* v. *Cravens,* 105 *Ga.* 471; *Whitaker* v. *Arnold,* 110 *Ga.* 857. The court below nevertheless refused to al-

low him to do so, its ruling as to this matter being doubtless based upon the fact that the admission above mentioned was followed by a denial that the defendant was "indebted to plaintiff in any sum upon said note." Had the case gone to the jury upon the answer alone, a verdict for the plaintiff would have been demanded, for he would not have been required to submit proof to show that the defendant did owe him the amount apparently due upon the note. After filing such an answer, it was unquestionably incumbent upon the defendant to show by competent evidence that he was not indebted upon the note, and why. This being so, the burden of proof was upon him, and he was accordingly entitled to claim the opening and conclusion. The denial of this right did not, however, result in any injury to him, as the verdict returned by the jury was more favorable to him than he had any right to expect.

3. The defendant's answer set up the following defense: The note sued on was one of several given by the defendant to the plaintiff for the purchase of a tract of land represented to contain 160 acres and sold by the acre at $10 per acre. In point of fact, the tract contained only 112 acres, making a deficiency of 48 acres. The defendant, before the bringing of the action, had paid to the plaintiff the full amount he was entitled to receive for the 112 acres, and a stated sum in excess thereof, for which sum a judgment was asked against the plaintiff by way of recoupment. The representation by the plaintiff to the defendant that the land contained 160 acres was knowingly false and fraudulent, and made with intent to mislead and deceive the defendant as to the real quantity of land in the tract. But for such false representation, the defendant would not have purchased. The jury returned a general verdict for the defendant, without allowing him anything on his plea of recoupment. The case is here upon a bill of exceptions assigning error upon the court's refusal to grant him a new trial. It appears that the defendant's counsel presented to the court several written requests to charge, which were evidently based upon the theory that actual fraud on the part of the seller in misrepresenting the quantity of the land was material. The refusal to give these requests is assigned as error. Complaint is also made that the court, in attempting to give in charge the law appertaining to sales of realty by the tract when there is a deficiency in the quantity which the purchaser thought he was buying, did not state the law correctly as

laid down in that part of section 3542 of the Civil Code which relates to sales of land "by the tract or entire body." In order to deal properly with the points thus presented, it is essential to determine the exact nature of the defense set up in the defendant's answer. The substance of his answer is summarized above, and, in our judgment, it amounted to neither more nor less than an attempt by him to have an apportionment in the price of the land, on the ground that he purchased it by the acre, and that there was a deficiency in the number of acres bargained for. In other words, his answer, notwithstanding the allegations of actual fraud therein contained, really had no meritorious legal foundation save upon the first sentence of the above-cited section .of the code, which reads as follows: "In a sale of lands, if the purchase is per acre, a deficiency in the number of acres may be apportioned in the price." This is obviously so for the reason that, as the answer distinctly negatives any purchase by the tract, it could make no difference whatever whether the defendant was, or was not, by false representations as to quantity, induced to purchase by the acre, he having elected to stand by the contract and pay for the land he actually obtained, rather than to repudiate the contract on the ground of fraud and pray for a rescission. It is clear, then, that the refusal to charge as requested was proper, as the requests had no relevancy to the issues involved. It is equally apparent that there is no merit in the defendant's complaint that the court incorrectly charged the jury as to the rights of the defendant in the event they should find the sale was by the tract or entire body. This is so because it was upon the theory that the sale was by the acre that the defendant predicated his entire defense and cross-action. Certainly, therefore, he can not justly complain that the court improperly attempted to give him the benefit of a defense not interposed by him, and upon which he could not, in view of his pleadings, consistently rely.

4. It is in the motion for a new trial alleged that the court erred in allowing the plaintiff to testify as a witness that certain land which belonged to him and adjoined the tract sold by him to the defendant "was mountain land, poor and steep." This testimony was clearly irrelevant. Presumably, the object of plaintiff's counsel in introducing it was to show that if the defendant was entitled to anything because of the deficiency in quantity in the tract he bargained for, the amount he was damaged was to be arrived at by

taking into consideration the character and quality of the plaintiff's land lying next to the tract which was sold. Such a proposition is utterly fallacious. The defendant, assuming his answer to be true, was entitled to 160 acres of land of like kind with the 112 acres he actually obtained, and it would certainly not do to hold that the plaintiff could account for the deficiency by paying the defendant the value of 48 acres of other land which the plaintiff happened to own in the immediate vicinity of the tract sold. Indeed, it was perfectly immaterial whether the plaintiff owned any land adjoining that tract or not. As will presently appear, however, the error committed in admitting this evidence could not possibly have injured the defendant, and it therefore affords no ground for setting aside the verdict.

5. The defendant offered to testify as a witness in his own behalf that he purchased the land from the plaintiff by the acre at the price of ten dollars per acre, and assigns error upon the refusal of the court to allow him to do so. This testimony was doubtless rejected upon the idea that the defendant thus sought to vary by parol the terms of the bond for title from the plaintiff to himself under which he held. This instrument recited that the plaintiff had sold to the defendant "a certain tract or parcel of land in fourth district and fourth section, Floyd County, Ga., containing one hundred and sixty (160) acres, more or less, being number three hundred and seven (307) for the sum of $1,600, to be paid" in installments, as therein specified. The question thus presented is controlled by the decision of this court in *Turner* v. *Rives*, 75 *Ga.* 606, according to which the court below was right in the ruling to which exception was taken. And see, in this connection, *Broach* v. *O'Neal*, 94 *Ga.* 474; *Ray* v. *Pease*, 95 *Ga.* 153; *Maxwell* v. *Willingham*, 101 *Ga.* 55; *Parks* v. *Norman*, 108 *Ga.* 373, 375. While none of these four cases are directly in point upon the precise question here presented, they do furnish authority for the proposition that the bond for title now under consideration evidences a contract of sale by the tract and not by the acre.

6. It follows from the foregoing that the defendant below had no right to complain of the verdict. As the case stood when the testimony was closed, the plaintiff was entitled to a verdict for the amount he sued for. This being so, the defendant ought not, from a legal standpoint, to have been dissatisfied with a verdict which re-

lieved him of all liability. The refusal of the court to allow his counsel to open and conclude, though improper, did not, as already remarked, operate to his prejudice; nor did injury to him result from the erroneous ruling with regard to the admissibility of the evidence referred to in the fourth division of this opinion. Indeed, the verdict of the jury not only cured these errors, but placed the defendant in a better position than he was entitled to occupy.

*Judgment affirmed.    All the Justices concurring.*