## MARTIN *v.* HALE.

1. Where suit is brought by the holder of a promissory note payable to the order of the payee, and indorsed by him to the plaintiff without recourse, and the defendant in his plea admits the execution of the note and its ownership by the plaintiff, the burden is on the defendant to establish his defense, and consequently he is entitled to open and conclude.

2. It is not cause for a new trial that the court read in charge to the jury a code section, part of which was applicable to the case and part not; it not appearing that the reading of the inapplicable part was calculated to mislead the jury or was prejudicial to the rights of the losing party.

3. A charge that "counsel may differ among themselves as to what the evidence is, but that will not control you; you look to all the evidence of the witnesses and determine what the truth is, and arrive at the truth as best you can in this transaction," is not erroneous as excluding consideration of the documentary evidence, where it appears from the context that the court's instruction concerned a difference between counsel as to the testimony of witnesses, and he further charged the jury that their verdict was to be reached after a consideration of all the evidence.

4. The charge was fair and comprehensive, and adapted to the evidence, and the evidence was sufficient to support the verdict.

APRIL 14, 1911.

Complaint. Before Judge Fite. Catoosa superior court. May 28, 1910.

*W. E. Mann,* for plaintiff.

*Maddox, McCamy & Shumate,* for defendant.

EVANS, P. J. A. F. Martin Jr. brought suit against W. F. Hale upon a note for the principal sum of $1,092, claiming only $500

principal to be due thereon. The note was payable to the Bank of Ringgold, and transferred without recourse by the payee to the plaintiff. The defendant admitted the execution of the note, and that the plaintiff was the owner thereof. By way of defense he alleged that the plaintiff was the cashier of the Bank of Ringgold, and came to the home of the defendant, who at the time was sick in bed, and represented to the defendant that a note given by him to the Bank of Ringgold had been lost, and that he wished the defendant to give a duplicate of the note, the plaintiff stating that he had secured a better position and was intending to sever his connection with the Bank of Ringgold, and desired the duplicate note to take the place of the lost note so that he might settle his affairs with the bank. The defendant averred that he was sick at the time, and having no cause to suspect anything wrong, and believing that the plaintiff would not knowingly misrepresent the facts, and relying upon his representations, he executed a duplicate note which is the note in suit. He averred that the plaintiff's representations were false, and were fraudulently made for the purpose of procuring the note from the defendant; that as soon as he recovered from his illness he ascertained that he had signed the note on account of the deception and fraud of the plaintiff, and at once notified the Bank of Ringgold that he had been deceived in signing the note and that he would not pay the same; that since the execution of the note the plaintiff had stated that he had been mistaken when he procured the defendant to sign the note,—that it was a note for $500 which had been lost, instead of a note of $1,092, which explains why the plaintiff claims only $500 principal in the suit against defendant. The defendant further averred that no $500 note given by him to the Bank of Ringgold had been lost, and that he is not indebted to the plaintiff.

On the trial it was the contention of the plaintiff, that a note for $500 had been lost by him as cashier of the bank, and that the note sued on was taken as a duplicate for the same, the plaintiff erroneously believing at the time that the lost note was for the amount of the duplicate note; and that in his settlement with the bank he had paid the $500 note which was lost, and the bank transferred the duplicate note to him. The defendant, on the other hand, contended, that the truth of the transaction was as expressed in his plea; that he had paid every note which he had given to the

bank; that none had been lost; and that the bank refused to accept the duplicate note upon his notice as to the manner in which the plaintiff procured it. The trial resulted in a verdict for the defendant.

1. In his motion for new trial the plaintiff complained that the court allowed the defendant to assume the burden of proof, and accorded to him the right to open and conclude. The defendant in his answer having admitted the execution of the note, and that the plaintiff was the owner and holder thereof, the burden was upon him to make good his defense, and he was entitled to open and conclude the argument. *Montgomery* v. *Hunt,* 93 *Ga.* 438 (21 S. E. 59).

2. The court read to the jury sections 4622, 4623, and 4625 of the Code of 1910, defining actual and constructive fraud, misrepresentation, and how fraud may be consummated. Complaint is made that these sections are inapplicable to the pleadings and the evidence. So much of section 4622 as defines constructive fraud may not have been strictly applicable to the issue raised by the pleadings and evidence. The defendant clearly made the issue of actual fraud by the plaintiff misrepresenting that the duplicate note was in substitution for a lost note held by the bank, and the code sections relative to actual fraud and misrepresentation were clearly applicable. But even if the definition of constructive fraud, which is defined in the code section to be "any act of omission or commission contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another," be inapplicable (which is to be doubted), the reading of the entire section containing this definition could not have been prejudicial to the defendant, because the charge of the court was explicit that the plaintiff was entitled to recover unless he practiced a fraud upon the defendant in the procurement of the note as averred in his plea. *Eagle & Phenix Mills* v. *Herron,* 119 *Ga.* 389 (46 S. E. 405).

3, 4. The charge complained of in the third headnote was not erroneous for the reason therein stated. The instruction of the court was fair and comprehensive and adapted to the evidence, and the evidence was sufficient to support the verdict.

*Judgment affirmed. All the Justices concur.*