### 3131.   CAROLINA PORTLAND CEMENT CO. *v.* MARSHALL.

1. When the admissions of the defendant in an action, without more, entitle the plaintiff to recover, and the defendant merely seeks to recoup under a contract which he admits to have been fulfilled, the defendant, and not the plaintiff, has the burden of proof, and the consequent right to open and conclude the argument to the jury. The admissions of the defendant in this case, in his answer, would have entitled the plaintiff to a verdict without the introduction of any testimony; consequently the court did not err in holding that the burden of proof was cast upon the defendant, and that he was entitled to open and conclude the argument in the case.

2. There was no error in the admission of the testimony which was objected to. The testimony which was repelled was testimony as to experiment, and its admission or rejection was within the discretion of the judge. It can not be said that this discretion was abused. The charge of the court presented the issue fully and fairly, and the evidence authorized the verdict.

DECIDED JULY 25, 1911.

Complaint; from city court of Macon—Judge Hodges. November 5, 1910.

*Walter T. Johnson, Ryals, Grace & Anderson,* for plaintiff. .

*Oliver C. Hancock, Miller & Jones,* for defendant.

RUSSELL, J. 1. One of the points most vigorously stressed, on the consideration of the present writ of error, was the alleged error of the trial judge in holding that under the pleadings the defendant assumed the burden of proof, and was entitled to the opening and conclusion. Some point is made upon the fact that the judge permitted the defendant's counsel to state what meaning was intended to be conveyed by his answer, and that he rendered the decision partly upon the oral statement or admission of the defendant's counsel. Of course, the admissions on the part of the defendant which would entitle him to take the burden of proof and be awarded the opening and conclusion must appear in the pleadings, and the decision is to be made by their contents, and nothing else. However, in the present case the record shows that, if the judge committed error in allowing the oral statement by counsel for defendant, the error was harmless, for by the pleadings it was shown that the defendant admitted every material thing required to authorize the plaintiff to recover under the form of action brought.

The petition was as follows:

"To the City Court of Macon:

"The petition of Carolina Portland Cement Company of Atlanta, Georgia, Fulton county, respectfully shows:

" (1) That W. J. Marshall of Bibb county, Ga., is indebted to plaintiff in the sum of ninety-three dollars and forty-eight cents (93.48), besides interest, upon an open account, which he, said. W. J. Marshall, refuses to pay, copy of which is hereto attached.

" (2) That the said W. J. Marshall has not paid the same nor any part thereof.

"Wherefore petitioner prays that process may issue requiring the

said W. J. Marshall to be and appear at the next term of said court to answer petitioner's complaint."

To this was attached a sworn statement of account as follows:

W. J. Marshall, Lizella, Ga.,

Bought of Carolina Portland Cement Company.

1908.

| | | | | | | |
|---|---|---|---|---|---|---|
| May 11. 106 bbl. standard cement in cloth. | 1 90 | 201 40 | | | | |
| 424 sx. ..................... | | 10 | 42 40 | | | |
| | | | 243 80 | | | |
| Less frt. Sou. 36,280............. | | | 60 42 | 183 38 | | |
| Cr. | | | | | | |
| Oct. 7.  By cash ................... | | | 50 00 | | | |
| Nov. 30.  By 399 mt. sacks returned..... | | 10 | 39 90 | 89 90 | | |
| | | | | 93 48 | | |

In the first paragraph of the defendant's answer "defendant denies paragraph 1 of plaintiff's petition, except that he admits that he is a resident of Bibb county, Ga.; also defendant admits that he refused to pay the said $93.48, as alleged in said paragraph 1. Defendant admits paragraph 2 of plaintiff's petition." The defendant then proceeds to set up in his own behalf an affirmative issue by alleging the breach of an express warranty, and that by reason of the breach he was damaged in various particulars to an amount specified in the answer; but in paragraph 4 of the answer he admits that he bought the cement and used it. The effect, then, of the defendant's answer, while in a sense he denied the indebtedness by reason of the fact that he claimed that the plaintiff owed him more than he owed it, was to admit every fact necessary to be proved by the plaintiff in order to establish its case. He admitted that he resided in Bibb county; that he received the cement; that the contract price was that set forth in the declaration; that he used the cement, and that he had refused to pay for it. It is clear that, unless he established the affirmative defense he was attempting to set up by way of recoupment, the plaintiff must inevitably recover. Therefore the burden of proof was cast upon him; and the plaintiff, not being required to maintain the affirmative of the proposition, was relieved of the necessity of offering any testimony in support of its case as laid.

2. Though there are several exceptions in the record, this is the only proposition to which it is necessary to make special reference. The evidence in regard to the test to which the dam was subjected by a freshet subsequent to the one in which the dam constructed of the standard cement was washed away was admissible as a circumstance likely to illustrate the value of the cement first used, and the cost of the dam as a whole was one of the factors which would enable a jury to determine what was the probable loss of the defendant in using the worthless cement, if the jury found it to be worthless. The testimony that the standard cement was used with good effect in performing other contracts might have been admitted without error; we think we would have admitted it, but it is well settled that the admission of evidence of experiment is a matter peculiarly within the discretion of the trial judge, and it can not be said that in this instance that discretion was abused. One of the exceptions to the charge of the court (which is presented in several different ways) is that the court laid down the same rule or measure of proof necessary to establish indirect or consequential damages as it applied in the case of direct damage; but on an examination of the charge as a whole we do not find the exception to be well taken.          *Judgment affirmed.*