### 5287.    FISHER *v.* WHITEHURST.

1. The defendant was properly allowed to open and conclude. The suit was upon a promissory note and upon an open account, the two together making up the purchase-price of a horse. In his answer, as amended, the defendant admitted the execution of the note, and that the plaintiff was the lawful holder thereof, and admitted that he owed the full amount sued for, as the purchase-price of the horse, unless he could

establish his affirmative defense of breach of warranty and failure of consideration. The right to open and conclude having been asserted by the defendant at the time the plaintiff offered to introduce testimony, the court properly held that the defendant had not waived his right to assume the burden and to open and conclude the argument.

2. The stipulation in the note sued on, that the seller of the horse would not warrant his soundness, did not, under the facts of this case, preclude the defendant from showing that the seller had warranted the soundness of the horse given in exchange for the one for which the note was given.

3. The evidence authorized the verdict.

DECIDED JANUARY 20, 1914.

Complaint; from city court of Jeffersonville—Judge Shannon. September 19, 1913.

*W. L. & Warren Grice, Shannon & Harrison, Saffold & Stallings,* for plaintiff.

*L. D. Moore,* for defendant.

POTTLE, J. Fisher sued Whitehurst on a promissory note, payable to Fisher & Willis, alleged to have been given for the purchase-price of a horse, and on an open account for $50 which it was alleged the defendant had agreed to pay as boot in a swap of that horse for another horse owned by the sellers. The defendant answered, admitting the execution of the note, but denied that the plaintiff was the owner thereof. He admitted also that he agreed to pay the $50 boot, but set up, as an affirmative defense, that the sellers of the horse warranted his soundness, and that the horse was totally worthless and died a short time after the exchange was made. When the plaintiff took the burden of proof and offered in evidence the note sued on, the defendant claimed the right to open and conclude, and amended his answer so as to strike therefrom the denial that the plaintiff was the owner and legal holder of the note. The trial judge allowed the defendant to open and conclude; and this was one of the errors assigned in the motion for a new trial. The note sued on stipulated that the sellers did not warrant the soundness of the horse, but warranted only the title thereto, and that in case of the death of the horse or loss in any other way, the purchaser agreed to sustain the loss. Over the objection of the plaintiff the court permitted the defendant to testify that the sellers of the horse for which the note was given guaranteed the horse to be gentle, kind, and easy to control. In the motion for a new trial error is assigned on this ruling. The

trial resulted in a verdict in favor of the plaintiff, and the defendant's motion for a new trial was overruled. In the evidence it appeared that Fisher & Willis sold the horse to the defendant on May 7, 1909, and that the note sued on was executed for the purchase-price. The horse proved to be unsatisfactory, and on December 25, 1909, Fisher & Willis exchanged horses with the defendant, he agreeing to pay $50 in addition to the amount of the note. According to the testimony of the defendant the sellers warranted the soundness of the second horse. The horse, however, proved to be unsound, and died several days after the exchange was made.

1. There was no error in allowing the defendant the right to open and conclude on his plea as amended. He admitted the execution of the note and that the plaintiff was the lawful holder thereof, and also admitted that he owed the sum claimed to be due on open account, unless he could sustain his affirmative defense of breach of warranty and failure of consideration. *Walker* v. *Bryant*, 112 *Ga.* 412 (37 S. E. 749) ; *Martin* v. *Hale,* 136 *Ga.* 228 (71 S. E. 133) ; *Carolina Portland Cement Co.* v. *Marshall,* 9 *Ga. App.* 555 (71 S. E. 942). The defendant was in time in his claim of the right to open and conclude, made upon the first offer of testimony by the plaintiff. The rule is that this right to open and conclude must be claimed before testimony by the other party is submitted. The mere fact that the other party offered to submit testimony does not deprive his adversary of the right to open and conclude.

2. The court erred in allowing testimony inconsistent with the terms of the note, but the error was harmless. By the terms of the note the sellers declined to warrant the soundness of the first horse, but this stipulation did not necessarily cover the second transaction. The sellers having voluntarily agreed to rescind the original trade and deliver to the purchaser another horse in exchange upon his agreement to pay an additional sum, they had the right, in order to induce the purchaser to make this trade, to warrant the soundness of the second horse. The transaction practically amounted to a novation; but this need not be determined, as the defendant did not make the point, and the jury found in his favor on the merits of his plea. At any rate, under his version of the transaction, the stipulation in the note, that the sellers refused to warrant the

soundness of the horse did not extend to the horse which was delivered to him in exchange for the horse first sold.

3.  The evidence authorized the verdict.

*Judgment affirmed.*