8864. FARMERS & MERCHANTS BANK OF BREWTON *v.* BRANTLEY *et al.*

The admissions in the plea, as to the note sued on, were not such as would entitle the defendant to the opening and conclusion of the argument; and the error in allowing the defendant to open and conclude requires a new trial.

DECIDED AUGUST 3, 1917.

Complaint; from city court of Dublin—Judge Flynt. April 14, 1917.

*Larsen & Crockett,* for plaintiff. *J. S. Adams,* for defendants.

BROYLES, P. J. To entitle the defendant to the substantive and valuable right of opening and concluding the argument in a case, he must, before the introduction of any evidence, clearly and unequivocally in his written plea admit such a prima facie case in favor of the plaintiff as will entitle the latter to recover without the introduction of any evidence whatsoever. The admission. must be unequivocal and not merely inferential. *Crankshaw* v. *Schweizer Mfg. Co.,* 1 *Ga. App.* 363 (58 S. E. 222); *Wall* v. *Wall,* 15 *Ga. App.* 156 (82 S. E. 791); *Central of Georgia Ry. Co.* v. *Morgan,* 110 *Ga.* 168 (35 S.'E. 345); *Culver* v. *Wood,* 138 *Ga.* 60 (2) (74 S. E. 790); *Hendricks* v. *Lott,* 143 *Ga.* 647 (85 S. E. 843); *Roberson* v. *Weaver,* 145 *Ga.* 626, 631 (89 S. E. 769). In an action upon a promissory note, to entitle the defendant to the opening and conclusion, he must, before the plaintiff has introduced any evidence, admit in his written plea the execution of the note sued upon and that the plaintiff is the legal holder thereof. *Montgomery* v. *Hunt,* 93 *Ga.* 438 (21 S. E. 59); *Levens* v. *Smith,* 102 *Ga.* 480 (31 S. E. 104); *Southern Mutual Association* v. *Perry,* 103 *Ga.* 800 (30 S. E. 658); *Swanson* v. *Cravens,* 105 *Ga.* 471 (30 S. E. 642); *Whitaker* v. *Arnold,* 110 *Ga.* 857 (36 S. E. 231); *Walker* v. *Bryant,* 112 *Ga.* 412, 414 (37 S. E. 749). In the instant case, which was a suit upon a promissory note, the defendant, before the introduction of any evidence, admitted in his written plea the execution of the note sued upon, but he did not therein directly or unequivocally admit that the plaintiff was the owner or legal holder of the note, or had title thereto. It is true that the plea admitted that the plaintiff was the payee of the note and had obtained possession of it; but, for aught that the plea shows, the plaintiff may have sold and indorsed the note to some other person before the suit was brought. The plea fails to admit that at the time of the bringing of the suit the title to the note was in the plaintiff. It follows that the court erred in allowing the defendant the opening and conclusion of the argument. This error rendered the further proceedings in the case nugatory.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*