## 16861. COKER *v.* CITIZENS BANK OF GAINESVILLE.

1. The record does not disclose any fact or circumstance indicating fraud or collusion on the part of the plaintiff bank, as holder of the note sued on, in procuring its execution, nor does it appear that the plaintiff either caused or knew of the alleged drunken condition of the defendant, by means of which it is alleged the note had been procured. Consequently, the court did not err in directing a verdict in plaintiff's favor to the extent of its interest therein as a bona fide holder for value. *Abbeville Trading Co.* v. *Butler*, 3 *Ga. App.* 138 (1 *b*) (59 S. E. 450); *Hall* v. *Langford*, 18 *Ga. App.* 73 (2) (88 S. E. 918). Upon the issue submitted to the jury as to the actual perpetration of fraud by the pharmacy company as the intermediate holder and present part owner of the note, and by the payee himself in the procurement of the note, and their alleged misconduct in procuring the same by having caused the defendant to become drunk at the time of its execution, the evidence demanded a finding in favor of the pharmacy company, and authorized the finding of the jury adverse to the contentions of the defendant as to the payee of the note, and its verdict can not be set aside upon the theory that a contrary finding on this issue was demanded. Moreover, under the evidence the jury were authorized to find that, under the terms of the previous written contract of purchase, the payer of the note was already unconditionally obligated to pay for the restaurant, of which he had already taken possession under the contract, at the price represented by the note. Consequently his alleged drunkenness at the time of its execution is no defense to the note, which did nothing more than obligate him to pay an amount for which he was already bound. *Strickland* v. *Parlin &c. Co.*, 118 *Ga.* 213 (4) (44 S. E. 997).

2. The defendant excepted to the ruling of the trial judge holding that under the pleadings the burden of proof was upon the plaintiff, with the consequent right on its part to open and conclude. In order to entitle a defendant to the right to open and conclude the argument, he must, before the introduction of any evidence, clearly and unequivocally admit by his plea a prima facie right in favor of the plaintiff to recover without the introduction of evidence on its part. *Farmers & Merchants Bank* v. *Brantley*, 20 *Ga. App.* 774 (93 S. E. 237). Thus, where the suit is upon a promissory note, a mere admission by the defendant as to his execution of the note sued on, without a further admission that the plaintiff was the legal holder of such instrument, is insufficient to change the burden. *Dodd* v. *Norman*, 99 *Ga.* 319 (25 S. E. 650). In the instant case the petition described a note made by the defendant to another party, on which it avers the defendant is liable to it, but fails to aver that plaintiff is the holder thereof. The defendant, while inferentially admitting the execution of such a note, denies the allegation of his liability thereon, and, while expressly denying that the plaintiff is the bona fide holder, fails to indicate that it is the actual holder thereof.

Bills and Notes, 8 C. J. p. 1047, n. 10; p. 1052, n. 50; p. 1060, n. 38. Fraud, 37 C. J p. 1150, n. 79.

Trial, 38 Cyc. p. 1304, n. 69, 70; p. 1307, n. 5; 1565, n. 84; p. 1702, n. 57.

Consequently the pleadings do not make a prima facie case for the plaintiff, such as would give to defendant the right to open and conclude.

3. The judge charged the jury that the original burden was upon the plaintiff to make out its case; that upon proof of the execution of the note and that it was the holder thereof, the burden shifted upon the defendant to prove his defense of fraud and duress in the procurement of the note. Exception is taken to the failure of the judge to further charge the jury, that, upon it being shown that the title of any person who had negotiated the instrument to plaintiff was defective, the burden then became again shifted upon the holder to prove that he or some other person under whom he claimed was a holder in due course. *Held:* "The court having correctly charged the jury in regard to the general burden of proof, it will not be held error, in the absence of a written request, that he failed to instruct the jury upon the subject of the shifting of the burden which may arise during the progress of the case." *Albany Warehouse Co.* v. *Hillman,* 147 *Ga.* 490 (94 S. E. 569). See also *Edenfield* v. *Boyd,* 143 *Ga.* 95 (2) (84 S. E. 436); *Hawkins* v. *Davie,* 136 *Ga.* 550 (1 *a*) (71 S. E. 873); *Lazenby* v. *Citizens Bank,* 20 *Ga. App.* 53, 55, 56 (92 S. E. 391). Moreover, since the judge substantially charged the jury that a verdict in favor of the holder of the note was demanded in so far as its own interest in the note was concerned, and directed a verdict to that extent accordingly, the principle of law here sought to be invoked is entirely inapplicable. In so far as the plaintiff was entitled to recover for the interests in the note owned by the other owners thereof, the rule as to a bona fide holder in due course did not apply, and the judge in substance charged the jury that upon proof by the defendant of his defense setting up fraud and duress in the procurement of the note the plaintiff could not recover for the interests in the note belonging to the other owners.

4. On the trial of the case it appeared that the original written contract of purchase and sale of the restaurant property, entered upon about a month previously to the giving of the note for the balance of the purchase-money, had been lost and could not be produced, each party contending that it had been left with the other party after being signed. The terms of this agreement were in dispute to the extent that the defendant claimed that by it he was not to be bound by the contract of purchase of the restaurant unless it should thereafter appear that the property purchased was worth the sum of $7,000. It appeared from the evidence that on the night previous to the giving of the note, defendant had gone to Gainesville, and had taken supper in the restaurant, of which he had been in possession for a month and which was then operated by his son, and had taken breakfast there on the following morning, the day the note was executed. The court allowed the defendant to introduce testimony upon the question of the value of the property purchased, and also allowed the plaintiff to introduce testimony as to its value and cost. The evidence as to the cost was undisputed; the testimony as to value was in conflict. *Held:* There being no fraudulent misrepresentation of fact, and the opinion evidence as to value being such as would sustain the verdict even under defendant's contention as to the terms of the original contract, and the defendant having been in possession of the property for a month, and having had the same and equal

opportunity with the plaintiff of inspecting the property purchased and of ascertaining its nature, value, and condition, the judge did not err in charging as he did relatively to the alleged misrepresentations as to value. "When the means of knowledge are at hand and equally available to both parties to a contract of sale, if the purchaser does not avail himself of these means, he will not be heard to say, in impeachment of the contract, that he was deceived by the representations of the seller." *Miller* v. *Roberts*, 9 *Ga. App.* 511 (2) (71 S. E. 927). The charge complained of, with reference to the effect of the alleged misrepresentations, is in practical conformity with the principle of law just stated.

DECIDED JULY 20, 1926.

Complaint; from Floyd superior court—Judge Wright. August 22, 1925.

*Nathan Harris, J. O. Adams,* for plaintiff in error.

*Willingham, Wright & Covington, C. N. Davie, C. S. Reid,* contra.

JENKINS, P. J. Defendant Coker, a resident of Rome, Georgia, operated a shoe store in the City of Gainesville in a building which he leased from the Imperial Pharmacy, of which J. W. Jacobs was proprietor. His lease was at a monthly rental of $50, and had eight or ten years to run. He approached Jacobs in August, 1922, with a view to securing a cancellation of the lease, and offered Jacobs $1,000 in settlement of some $400 back rent then due, and to release him from future liability, which was refused. Barron operated a restaurant in the City of Gainesville; and on December 5, 1922, Barron and defendant's son, who was operating the shoe store for defendant, went to Rome where Coker lived, and Barron and Coker entered into a written agreement whereby Barron took over defendant's lease on the shoe store, and defendant took over Barron's lease on the restaurant, and purchased the restaurant equipment, which Barron stated to him was worth seven or eight thousand dollars. Coker agreed to pay Barron, in consideration of this purchase and exchange, the sum of $4,000, of which he then paid $500 in cash. Defendant demanded of Barron the keys to the restaurant on that occasion, and they were delivered, and at the direction of defendant his son took immediate charge and control of the restaurant in Gainesville, and thereafter operated it for the defendant. Coker made a trip to Gainesville on January 5, 1923, and on that occasion executed to Barron a note for $3500, dated December 6, 1922, and maturing January 28, 1923. Upon the execution of this note, and in fulfillment of

the terms of the previous contract referred to, Barron procured the cancellation of Coker's lease with the pharmacy by agreeing to pay the pharmacy $2150 from the proceeds of Coker's note. It appears that Barron was insolvent and owed the plaintiff bank the sum of $500, for which it had no security; that the pharmacy also owed the bank $1,000, and that the proprietor of the pharmacy, Jacobs, owed the bank $415.81, none of which debts was secured. Coker's note was indorsed by Barron and by the pharmacy, and delivered to plaintiff bank as collateral security for the debts thus mentioned as owing to it. It thus appears that at the time the suit was filed the different interests in the note were held as follows: Citizens Bank of Gainesville, $1915.81; Imperial Pharmacy $734.19; Barron, $850. This purchase-money note contained a title-retention agreement, and the plaintiff bank as holder, after default therein, levied a purchase-money attachment on the restaurant fixtures and equipment, and they were sold for $519.75 at sheriff's sale, which sum remained in the hands of plaintiff, no credit being given on the note therefor. Upon suit being instituted on the note by the bank, Coker filed a defense in which he admitted the execution of such a note, but denied that the plaintiff was the bona fide owner and holder of the same. He set up that plaintiff had paid no consideration for the note, and that the note was obtained from him by the fraud and conspiracy of Barron, Jacobs, and the bank through its officers and agents; that Barron misrepresented the value of the restaurant property to him when the trade for the same was made; and that he bought it on condition that it should, on examination by him, prove to be worth seven or eight thousand dollars; that the bank knew all about the transaction; and that when he went to Gainesville about January 5, Barron and Jacobs, and the bank through its officers and agents, got him drunk and obtained the note from him when he did not know what he was doing. The evidence was in conflict as to whether Coker was drunk at the time the note was signed, and as to whether Barron had furnished him any liquor.

The judge directed a verdict in favor of the plaintiff as to the interest in the note owned by it, but submitted to the jury the issues of fraud and duress as relating to the interests owned by Barron and the pharmacy company. The jury found for the plaintiff on all these issues, allowing credit for the proceeds of the

sheriff's sale. Defendant's motion for a new trial was overruled, and he brings error. Our rulings on the grounds of the motion appear in the syllabus.

   *Judgment affirmed. Stephens and Bell, JJ., concur.*