DECIDED JULY 31, 1928.

*Clarence E. Adams,* for plaintiff.
*R. Howard Gordon,* for defendant.

### 19048. MOBLEY, superintendent of banks, *v.* CHILDERS.

DECIDED JULY 31, 1928.

*Clarence E. Adams,* for plaintiff.

*R. Howard Gordon,* for defendant.

BLOODWORTH, J. Mobley, as superintendent of banks of the State of Georgia, sued Childers 'and White as indorsers on a promissory note. The principal maker of the note was not sued, as he was a nonresident of the State of Georgia. Childers in his plea said he "admits the execution of the note sued on, that the plaintiff is the holder thereof, and entitled to sue, and that this admission is made for the purpose of obtaining the opening and concluding argument to the jury." In a subsequent paragraph of the plea the defendant alleged that "there is no liability on his part to the plaintiff, for the reason that the note is not a complete legal contract." The judge allowed the defendant to have the opening and conclusion, and to this ruling the plaintiff filed exceptions pendente lite. The case proceeded to trial, and the jury rendered a verdict for the defendant. The plaintiff filed a motion for a new trial, and when that was overruled he filed a bill of exceptions assigning error on his exceptions pendente lite and on the order overruling his motion for a new trial

We will discuss the first headnote only, which is based upon the assignments of error in the exceptions pendente lite. When admissions are made in pleas in order to obtain the opening and conclusion of the argument, the general rule is, that, "In order to entitle a defendant to the opening and conclusion of the argument, he must in his pleadings, and before the plaintiff begins to introduce testimony, admit enough to make out a prima facie case for the latter. *Massengale* v. *Pounds,* 100 *Ga.* 770 [28 S. E. 510]; *Dorough* v. *Johnson,* 108 *Ga.* 812 [34 S. E. 168]; *Central Ry. Co.* v. *Morgan,* 110 *Ga.* 168 [35 S. E. 345]; *Whitaker* v. *Arnold,* 110 *Ga.* 857 [36 S. E. 231]." *Reid* v. *Sewell,* 111 *Ga.* 880 (2) (36 S. E. 937). In the case under consideration the foregoing ruling was complied with, and in his plea the defendant admitted "the execution of the note sued on, that the plaintiff is the legal holder thereof, and entitled to sue, and that this admission is made for the purpose of obtaining the opening and concluding argument to the jury." The defendant having made this admission in his plea, the burden of proof was upon him, and he was accordingly entitled to claim the opening and conclusion. As was said in *Walker* v. *Bryant,* 112 *Ga.* 412 (2), 414 (37 S. E. 749) : "The action was upon a promissory note. In his answer the defendant admitted the execution of the note and title thereto in the plaintiff. This, under numerous decisions of this court, was sufficient to entitle the defendant to open and conclude. *Montgomery* v. *Hunt,* 93 *Ga.* 438 [21 S. E. 59]; *Levens* v. *Smith,* 102 *Ga.* 480 [31 S. E. 104]; *Southern Mutual Assn.* v. *Perry,* 103 *Ga.* 800 [30 S. E. 658]; *Swanson* v. *Cravens,* 105 *Ga.* 471 [30 S. E. 642]; *Whitaker* v. *Arnold,* [supra]." The second headnote in the *Walker* case, supra, is as follows: "An admission in an answer to an action upon a promissory note, when in other respects sufficient to entitle the defendant to open and conclude, is not rendered ineffectual for this purpose because it is followed by a general denial of indebtedness upon the note." In *Fisher* v. *Whitehurst,* 14 *Ga. App.* 218, 220 (80 S. E. 536), this court held: "There was no error in allowing the defendant the right to open and conclude on his plea as amended. He admitted the execution of the note and that the plaintiff was the lawful holder thereof, and also admitted that he owed the sum claimed to be due on open account, unless he could sustain his affirmative defense of breach of warranty and failure of considera-

tion. *Walker* v. *Bryant,* 112 *Ga.* 412 (37 S. E. 749); *Martin* v. *Hale,* 136 *Ga.* 228 (71 S. E. 133); *Carolina Portland Cement Co.* v. *Marshall,* 9 *Ga. App.* 555 (71 S. E. 942)." See ruling from *Martin* v. *Hale,* supra, copied in headnote 1 above.

Under the rulings in the foregoing cases, the judge properly allowed the defendant to open and conclude the argument to the jury. Moreover, the motion of the plaintiff in error that "the court disallow defendant to assume the burden and have the opening and conclusion" of the argument to the jury, is in the nature of a special demurrer to the plea, and was not in writing or made at the first term.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*