19047. MOBLEY, superintendent of banks, *v.* CHRISTIAN *el al.*

DECIDED OCTOBER 2, 1928.

*Clarence E. Adams,* for plaintiff.
*R. Howard Gordon,* for defendants.

LUKE, J. A. B. Mobley, superintendent of banks, for the use of Madison County Bank, sued C. W. Christian, W. L. Hardman, J. W. Jones, L. A. Childers, and W. G. Threlkeld on a promissory note for the principal sum of $408, dated December 28, 1925, providing for fifteen per cent. attorney's fees, and due September 15, 1926. C. W. Christian signed the note where a principal would ordinarily sign, and the names of the other defendants appeared on the back of the note.

All the defendants admitted the execution of the note, that the plaintiff was the lawful holder thereof, and that each defendant had received the notice required for the recovery of attorney's fees, a copy of which, in proper legal form, was attached to the petition as an exhibit. C. W. Christian pleaded usury. Each of the other defendants filed a plea of usury, and in addition thereto pleaded substantially as follows: There was an original note dated March

656

17, 1923, due October 1, 1923, signed by C. W. Christian as maker, indorsed by J. W. Jones, W. G. Threlkeld, J. D. Drake, L. A. Childers, and W. L. Hardman, and payable to Madison County Bank. Said note was renewed by the bank's taking a second note, dated October 1, 1923, and signed and indorsed as was the original note. The note sued on was a renewal of said note of October 1, 1923, and was indorsed upon the distinct agreement between the defendant and the bank that the defendant was not to be bound by said note until the bank procured the indorsements of all the indorsers on the two preceding notes. The indorsement of J. D. Drake, one of the indorsers on the first two notes, was never procured on the note sued on. Therefore the note never became a completed contract, and the defendant was not liable thereon as indorser.

The jury rendered the following verdict: "We, the jury, find for the plaintiff against C. W. Christian the sum of $313 and attorney's fees, and that all indorsers be relieved, to wit: W. L. Hardman, J. W. Jones, L. A. Childers, W. G. Threlkeld."

The plaintiff in error duly excepted pendente lite to the ruling that the defendants should have the opening and conclusion of the argument. The plaintiff in error also excepted to the judgment overruling the motion for a new trial.

■ The first question for consideration is whether the court erred in holding that each of the defendants admitted a prima facie case and was entitled to the opening and conclusion of the argument to the jury. "In an action upon a promissory note, to entitle the defendant to the opening and conclusion, he must, before the plaintiff has introduced any evidence, admit in his written plea the execution of the note sued upon and that the plaintiff is the legal holder thereof." *Farmers & Merchants Bank* v. *Brantley*, 20 *Ga. App.* 774 (93 S. E. 237), citing *Montgomery* v. *Hunt*, 93 *Ga.* 438 (21 S. E. 59) ; *Levens* v. *Smith*, 102 *Ga.* 480 (31 S. E. 104) ; *So. Mutual Assn.* v. *Perry*, 103 *Ga.* 800 (30 S. E. 658) ; *Swanson* v. *Cravens*, 105 *Ga.* 471 (30 S. E. 642) ; *Whitaker* v. *Arnold*, 110 *Ga.* 857 (36 S. E. 231) ; *Walker* v. *Bryant*, 112 *Ga.* 412, 414 (37 S. E. 749). See also *Coker* v. *Citizens Bank of Gainesville*, 35 *Ga. App.* 595 (2) (134 S. E. 355). Applying the law to the pleadings, the court was correct in denying the plaintiff in error the right to open and conclude the argument.

■ Special ground 1 of the motion for a new trial is that the court erred in refusing to permit the defendant Hardman to testify as to the solvency of J. D. Drake at the time Hardman indorsed the note, counsel stating that he expected to show that Drake was insolvent, and that his insolvency "would show that these parties would not have been careful about Drake's signing if he was insolvent." Since Hardman testified that *all* the indorsers on the old note were to indorse the note sued on before it should become a binding contract, and Drake was one of them, and since the testimony of the defendants who indorsed the note tended to support Hardman's testimony in this regard, it is not at all likely that the evidence sought to be adduced would have discredited Hardman's testimony in the minds of the jury, or would have led the jury to reach a different verdict from the one rendered.

What was said in regard to the evidence of Hardman applies with equal force to that of L. A. Childers, another of the defendants. Certainly the refusal of the court to permit H. H. Hart, who was not even a defendant in the case, to testify as to the insolvency of Drake was not reversible error.

■ The refusal of the court to allow defendant Jones to testify on cross-examination that he had offered to pay the attorney for the bank one half of the amount due on the note, "claiming that Mr. Childers was good, and that the rest of them were insolvent," was not error for the reason stated in counsel's objection, that it was in the nature of a compromise settlement between Jones and the bank acting through its attorney.

■ In the last special ground exception is taken to the following excerpt from the charge of the court: "I charge you as a matter of law that if that was the agreement, that all these indorsers were to sign this new note which is now being sued upon before it should become binding, then if J. D. Drake was not procured, his signature obtained, then these indorsers whose pleas you have before you would not be liable on this note. However, if, as contended by the plaintiff in this case, at the time these indorsers signed this note which is being sued upon, there was merely an agreement that the cashier was to try to get the signature of J. D. Drake, then that would not release the parties to this note. If he merely promised to try to get the signature of Drake, that would not release these indorsers."

■

Counsel insists that the court should have gone further and charged that a written contract could not be varied by parol evidence, "and that it would be necessary for the defendants to show that the note was delivered as a completed contract." It is further contended that the charge led the jury to infer that "if they believed that the cashier of the bank did not carry out his agreement as contended by the defendants, they were in all events authorized to release them from their liability on their note."

The law applicable to this case is clearly and concisely stated in *Pidcock* v. *Crouch*, 7 *Ga. App.* 299 (66 S. E. 971), in this language: "While it is permissible to show that a promissory note, signed by one or more persons and apparently complete, is not in fact complete, by reason of the fact that it has never been delivered from one party to the other as a finally completed contract, but that it was simply left in the possession of the payee until some additional person should sign it before it should become a completed contract, yet it is not permissible to show by parol that a note was delivered to the payee as a completed contract, but upon a promise upon his part that he would subsequently secure the signature of another person thereto, where the writing is silent as to any such promise on the payee's part." See also *Heitmann* v. *Commercial Bank of Savannah*, 6 *Ga. App.* 584 (65 S. E. 590) ; *Bray* v. *Comer Mercantile Co.*, 32 *Ga. App.* 746 (124 S. E. 817).

The foregoing charge accurately stated the contention of the defendants. It gave the contention of the plaintiff almost in the words of the bank's cashier who handled the transaction for the bank, and advised the jury that the indorsers would not be released if this contention was true. If the jury "believed that the cashier of the bank did not carry out his agreement *as contended by the defendants,*" it was their duty, under the law, to relieve the indorsers from liability on the note. The charge was not an inaccurate statement as to the law and was not inherently harmful to the plaintiff in error, and there was no request for fuller instructions. This last special ground indicates no reversible error, and the trial judge did not err in overruling it.

■ There was evidence to support the pleas of usury; and the evidence was conflicting as to whether or not the note was a binding and completed contract. Therefore the jury's verdict, sustained by the evidence and approved by the trial judge, can not be reversed

by this court for any reason assigned in the general grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*