### 31488.   TAYLOR v. ROSS et al.

DECIDED FEBRUARY 6, 1947.

752

■

*John T. Ferguson,* for plaintiff.

*Ford & Houston, R. D. Smith,* for defendants.

SUTTON, P. J. (After stating the foregoing facts.) ■ The court held, over the objections of the plaintiff, that the defendants were entitled to open and conclude the argument. Before the introduction of any evidence, the defendants amended their answer and admitted the execution and delivery of the notes sued on, that the plaintiff was the holder of the same and that he had given them the notice of intention of bringing suit to bind them for attorney's fees, as alleged in the petition. Under this admission, the court did not err in holding that the defendants were entitled to open and conclude the argument. See *Mobley* v. *Christian,* 38 *Ga. App.* 655 (145 S. E. 103), and *Montgomery* v. *Hunt,* 93 *Ga.* 438 (21 S. E. 59). The trial judge did not err in overruling special ground 1 of the motion.

■ In special ground 2, error was assigned on the ruling of the court allowing the defendant, A. A. Ross, to testify that he had paid one of the notes sued on to a justice of the peace at Ty Ty when the plaintiff brought suit on it some years previously, over the objections of the plaintiff that the defendants contended that the note was merged into the $2591.30 note, and the evidence was

different from that contention and varied from the pleadings, and therefore, was irrelevant. The defendants set out in their answer that the amount due on the notes sued on was included in and was part of the consideration making up the principal sum of $2591.30, and the issue before the jury was whether the amount due on the notes sued on, whatever this might be, was merged into the $2591.30 note. The evidence was not inadmissible for any reason assigned, and the court did not err in allowing the testimony or in overruling special ground 2 of the motion.

■ In special ground 3, error is assigned on the allowing in evidence of testimony to the effect that the notes sued on were merged into a subsequent series of notes, aggregating $2591.30, and secured by a deed to secure debt to certain lands in Tift County, over the objection that the deed to secure debt specifically provided that the indebtedness secured thereby was for the purchase-price of the land described therein, and the testimony offered tended to and did vary and alter the terms of the written instrument by contradicting and varying the consideration expressed therein. The general rule is that "the consideration of a deed may always be inquired into when the principles of justice require it." Code, § 29-101. It was held in *Cottle* v. *Tomlinson*, 192 *Ga.* 704, 712 (16 S. E. 2d, 555) : "Where the consideration in a deed is expressed merely by way of recital, it is permissible to show by parol testimony that the true consideration is in fact different from that expressed in the instrument; but where the consideration is so expressed as to make it one of the terms and conditions of the deed, one of the parties thereto can not, under the guise of inquiring into its consideration, alter the terms of the instrument." The statement in question as to the consideration in the deed to secure debt was expressed merely by way of recital. Moreover, this was not an action on the deed to secure debt containing the provision with reference to its consideration, but the deed was only collaterally involved. In this connection, see *Coldwell Co.* v. *Cowart*, 138 *Ga.* 233 (75 S. E. 425). The court did not err in overruling special ground 3 of the motion.

■ The verdict is supported by the evidence, no error of law appears, and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*