JACKSON *v.* THE AMERICAN MORTGAGE COMPANY OF SCOTLAND, LIMITED.

1.  Where usury is pleaded to an action on a promissory note, deeds of even date with the note, and executed to vest title in the lender as security for the loan, are admissible in evidence for the plaintiff to show the intention of the parties as to the real *situs* of the contract, and what State or country they had reference to in fixing the rate of interest.

2.  It is competent for the borrower of money to contract to pay a rate of interest lawful in his own State, the loan being secured by realty in that State, although he makes the notes given for the principal and interest of the loan payable in another State, and although the ultimate delivery of the notes and mortgage was made to the lender at his place of business in the latter State, in which State, also, the borrower's application for the loan was accepted. Thus, where a resident of Georgia applied in writing for a loan of money at a specified rate of interest, executing the application in Georgia, and offering therein as security real estate situated in Georgia, expecting a lender to be found by his agents elsewhere; and afterwards the application was accepted in New York by a resident thereof in behalf of a foreign corporation, and the applicant executed a note in Georgia and also an absolute deed of the realty as security, conformably to the laws of Georgia, and the note and deed, after the latter was recorded in Georgia, were delivered in New York by his agents, to whom the money was there delivered by the lender, the note being payable in New York and specifying on its face a rate of interest legal in Georgia but usurious in

New York, the contract is enforceable in Georgia, there being no evidence tending to show bad faith or any device or contrivance to evade the usury laws of New York.

March 5, 1892. Argued at the last term.

Interest and usury. Evidence. *Situs* of contract. Security deed. Before Judge BOYNTON. Pike superior court. October term, 1890.

The defendant in error brought *assumpsit* against Jackson on a promissory note for $625, besides interest at eight per cent., and attorney's fees, payable to Sherwood or order, at the office of the Corbin Banking Co., New York, and indorsed by Sherwood to the plaintiff. In addition to the general issue, the defendant pleaded that the note was tainted with usury, and that Sherwood was plaintiff's agent and was acting for its benefit, and had no interest in the consideration; also, that the contract was consummated in New York and should be construed according to the law of that State, by which law the whole contract was void, more than six per cent. having been exacted for the loan of money. The jury found for the plaintiff the amount sued for. Jackson excepted to the overruling of his motion for a new trial. The motion contained the general grounds, and the following special grounds :

1. The plaintiff introduced a deed from Jackson to Sherwood, made in Pike county, Ga., of the same date as the note sued on, reciting a consideration of $625, and that it was given to secure a loan of that amount, made under certain conditions of a bond to reconvey, and was executed to conform to section 1969 *et seq.* of the Code of Georgia; also, a deed from Sherwood to the plaintiff, of the same date as the first deed, made at New York, conveying the same land, reciting a consideration of $625, and that it was made subject to the conditions in bond to reconvey from Sherwood to Jackson. The defendant objected to the introduction of

these deeds, because they were irrelevant and not illustrative of any issue in the case, and because the title to the property was not in controversy, nor was there any attempt to obtain a special lien upon it.

2. The other grounds of the motion assign error upon the ruling as made in the charge of the court to the jury, and in refusing to give certain instructions in charge, which ruling was, in substance, that under the facts in evidence the contract between the parties was a Georgia contract and controlled by the laws of this State. For these facts see the opinion.

L. D. MOORE, for plaintiff in error.

W. E. SIMMONS, J. I. HALL and J. J. ROGERS, *contra.*

BLECKLEY, Chief Justice.

1. In New York the legal rate of interest is six per cent.; in Georgia it is seven per cent., and may, by written contract, be as high as eight per cent.   In New York the taint of usury renders the contract void; in Georgia it leaves the contract valid except as to the amount of the usury.   In both States titles to property executed as security for the payment of an infected debt are void.   If the note sued on in this case is governed as to the rate of interest by the law of New York, it is void; if governed by the law of Georgia, it is valid, and the plaintiff was entitled to recover.   Usury was set up as a defence, and to ascertain whether it existed or not, it was necessary to arrive at the intention of the parties as to the real *situs* of the contract, and as to what State they had reference to in fixing the rate of interest.   The note in suit was given for the principal of a loan, other notes having been given for the interest reckoned at eight per cent. per annum.   The contract of loan from which the notes resulted was the one to be investigated; and, according to the evidence, that contract comprehended an agreement to secure the loan by

a deed like the deed from Jackson to Sherwood. There was not one contract for making notes, and another for securing them by a conveyance, but a part of one and the same contract was expressed in the notes, and a part in the deed executed at the same time.  For this reason, any light thrown upon the intention of the parties by the deed, one part of the general contract, may be combined with such light as is thrown upon their intention by the notes, another part of the general contract.  As to the deed from Sherwood to the plaintiff, this was simply a link in passing the security from the borrower to the lender, just as was the indorsement of the notes by Sherwood a link in passing the notes, Sherwood being the agent of the plaintiff in making the loan and taking the security.  There was no error in admitting the deeds in evidence.

2. There is no direct or express statement in the record that Jackson, the borrower, was a resident of Georgia when the loan was applied for and made, but the inference that he was is almost conclusive from facts which do appear, and there is no dispute, so far as we are aware, as to his place of residence.  On January the 10th, 1883, at Barnesville, Ga., he executed a writing by which he empowered and authorized one Nelson, of Atlanta, as his agent to negotiate for him a loan corresponding in amount to the principal of the note declared upon in this action, on five years time, with interest at 8 per cent. per annum, payable annually at such place as the agent might name, the loan to be evidenced by Jackson's note of the form used by the agent, the note and loan to be secured by mortgage or an absolute deed on Jackson's farm in Pike county, Georgia, about nine miles from Barnesville.  The instrument stated that in case an absolute deed was made, the lender was to give bond to reconvey in pursuance of sections 1969, 1970 and 1971 of the Code of Georgia.  It stated further that if he,

Jackson, declined to accept the loan for any reason, he would pay the agent a commission at once. This instrument, it appears, was not delivered directly to Nelson, but was handed by Jackson to one Rogers, the local agent of Nelson at Barnesville. On the same day Jackson also executed in writing an application for the loan (to whom addressed does not appear), which contained a description of the property offered as security. These papers, as the facts indicate, reached Nelson at Atlanta, and together with an abstract of title made out by Rogers, the local agent at Barnesville, were forwarded by Nelson to the Corbin Banking Company of New York. There the application was accepted by Sherwood for the plaintiff. Afterwards, on Februrary the 1st, 1883, Jackson, at Barnesville, in Pike county, Georgia, executed the note sued on, together with others covering interest on the loan, and also, as security, an absolute deed conveying to Sherwood, the payee of the notes, the farm above referred to. This deed was recorded in Pike county, Georgia, presumably on the day of its date, the record in the present case stating that it was recorded, and not referring such recording to any other date. The deed recited that it was executed to conform to sections 1969, 1970 and 1971 of the Code of Georgia. The notes and the deed were delivered to Rogers, who sent them by mail to Nelson at Atlanta, and it is inferable that Nelson sent them to the Corbin Banking Company at New York, who there delivered the same to Sherwood and received from him the money constituting the loan. This money, after deducting commissions, they forwarded through Nelson and Rogers, or through Rogers alone, to Jackson, who gave to the Corbin Banking Company a receipt therefor. The notes were headed "Barnesville, Ga.," and named a rate of interest (8 per cent.) lawful in Georgia, but unlawful in New York. The deed was headed "Pike county, Georgia," and de-

clared that it was executed to conform to certain sections
of the Code of Georgia. On their face, therefore, all
these writings purported to be of Georgia origin, and
they were in fact signed in Georgia. Granting that all
the intermediaries between Jackson and Sherwood were
Jackson's agents, and that there was no complete and
final delivery of the notes and the deed until the Corbin
Banking Company put them into the hands of Sherwood
in New York, yet to effectuate the intention of the par-
ties and to accomplish the purposes of justice, such
manual delivery there ought, on the doctrine of relation,
to refer back to the time and place of signing the in-
struments. As the parties evidently intended to bring
into existence Georgia notes and a Georgia deed, the
transaction as a whole may be looked at as if Jackson,
standing in Georgia, had, by means of the three in-
termediaries, lengthened his arms so as to deliver the
papers directly from his own hands to Sherwood, stand-
ing in New York. There was no intention to make the
notes effectual without making the deed effectual also.
There was no intention to make a loan without having
it secured both by notes and a deed. It was therefore
impossible to accomplish the object without calling in
the law of Georgia as to a part of the transaction. New
York had no law which could make any contract con-
veying land situated in Georgia operative or obligatory.
As the law of Georgia would thus be essential with re-
spect to a part of the transaction, that law, if possible,
ought to be applied to the whole. There was no inten-
tion to make a mere personal contract, but the scheme
was to make one partly personal and partly confined by
its very nature to a given *situs*, to wit the State of
Georgia. There is no trace of any purpose or attempt
to evade or violate the usury laws of New York. The
manifest intention of the parties was to make a valid
and binding contract, evidenced in part by notes and in

part by a deed, in view of the laws of Georgia.   We think they succeeded in so doing.   Dugan *v.* Lewis, 79 Tex. 246, 14 S. W. Rep. 1024; Kellogg *v.* Miller, 13 Fed. Rep. 198.   There was no error in overruling the motion for a new trial.                    *Judgment affirmed.*