## HENDRICKS & CHRISTIAN *v.* LOTT *et al.*

LUMPKIN, J. 1. Suit was brought on a promissory note, seeking to recover principal, interest, and attorney's fees. The answer of the defendants denied the substantial paragraphs of the petition, including the allegation of service of notice ten days before the filing of the suit, in order to claim attorney's fees. It further pleaded want of consideration for the note sued upon, and that the defendants had paid the full amount due to the plaintiffs, and "by accident" had paid $15 in excess of such amount, for which they prayed judgment. *Held*, that the answer did not admit a prima facie case in the plaintiffs, or amount to an assumption of the burden of proof by the defendants, and give to them the right to claim the opening and conclusion of argument. *Culver* v. *Wood*, 138 *Ga.* 60 (2), 62 (74 S. E. 790).

(*a*) As the defendants did not by their pleadings admit a prima facie case in the plaintiffs, although, after the jury was stricken and before evidence was introduced, they stated orally that they admitted a prima facie case, that they signed the note, that it belonged to the plaintiffs, and that notice had been served upon them of the intention to sue for attorney's fees in addition to the note, this did not operate as a proper assumption of the burden of proof on the whole case, so as to place it upon the defendants, with the rights incident to the assumption thereof.

(*b*) Accordingly, it was not error under such facts, and where both parties introduced evidence, to fail to charge that the burden of proof in the case was upon the defendants; nor was there error in charging that "the material issues in this case you will determine in favor of that party with whom you find the preponderance of the evidence lies."

2. The defendants not having recovered the $15 claimed to have been paid by them by mistake, it will not require a reversal, at the instance of the plaintiffs, that the presiding judge in his charge referred to such contention, whether or not the evidence was sufficient to show a mistake in making the payment.

3. There was no merit in any of the other grounds of the motion for a new trial, and there was no error in overruling them.

*Judgment affirmed. All the Justices concur.*
JULY 3, 1915.

Complaint. Before Judge Thomas. Colquitt superior court. July 27, 1914.

*James Humphreys* and *Hendricks & Hendricks,* for plaintiffs.
*Shipp & Kline,* for defendants.