M. LEVY & SONS *et al. v.* JEFFORDS.*

(Division B. May 25, 1925. Suggestion of Error Overruled Aug. 14, 1925.)

[105 So. 1.   No. 24825.]

1. USURY.  *Generally rights and obligations of parties governed by laws of state wherein note is payable.*
   Generally, where note is executed in one state and due and payable in another, rights and obligations of parties are governed 'by laws of state where note is payable.

2. USURY.  *Question of usury held controlled by law of state where note made rather than where payable, in view of circumstances.*
   Where cotton grower annually gave note and mortgage to cotton merchant in another state, covering balances due him for moneys advanced, *held,* rights and obligations of parties were governed by law of state where borrower lived, and question of usury was controlled by law of that state.

---

*Headnotes 1. Usury, 39 Cyc., p. 897; 2. Usury, 39 Cyc., p. 896.

APPEAL from chancery court of Issaquena county.
HON. E. N. THOMAS, Chancellor.

Action by Chas. S. Jeffords against M. Levy & Sons and another.  Decree for plaintiff, and defendants appeal.  Affirmed.

*Hirsh, Dent & Landau,* for appellants.

I.  The supreme court of Mississippi has invariably and inflexibly maintained the doctrine sustained by practically all the other courts of the United States, and by the textbooks recognized as authorities, that a note executed in one state, and payable in another, is governed by the law of the state where payable.  *Brown Bros & Co.* v. *Freeland & Murdock,* 34 Miss. 181 (1857); *Commercial Bank* v. *William C. Auze et al.,* 74 Miss. 609;

*Armistead et al.* v. *Blythe et ux.*, 20 So. 298, 300 (1896);
*Banking Co.* v. *Haney,* 93 Miss. 613; *Western Union Tel-
egraph Co.* v. *Robertson,* 69 So. 680 (1915); 5 Ruling
Case Law, 934, 978, 979, 980, 981; Usury, 39 Cyc. 892;
Note L. R. A. 1916 D. 755; *Zimmerman* v. *Brown et al.,*
166 Pac. 924, 925 (1917).

The supreme court of the United States has held:
"A contract for the loan of money entered into in Rhode
Island is to be governed by the usury laws of that state,
though security was agreed to be taken upon lands in
Kentucky." "Though a past usurious contract be the
basis on which the parties deal, yet if that contract
be not void, a subsequent agreement, which frees the
transaction from all usurious taint, is valid." "A con-
tract tainted by usury according to the laws of one state
may be valid basis for a new contract in another state."
*De Wolfe* v. *J. Johnson et al.,* 10 Wheaton, 438. See, also,
Story on Conflict of Law (8 Ed.), 382, 392, 393; Note
to *Bank of Newport* v. *Cook,* 46 Am. St. Rep. 201, *et
seq.* (1895); *Couret et al.* v. *Conner et al.,* 118 Miss. 374;
*First National Bank of Iowa City* v. *John McGrath &
Sons Co.,* 111 Miss. 872, 72 So. 701; *George* v. *Oscar
Smith & Sons Co.,* 250 Fed. 41.

II. *Commissions paid Jonas Levy not usurious.*
*Pass et al.* v. *N. E. Mortgage Security Co.,* 66 Miss. 365,
366; *New England Mortgage Security Co., and others*
v. *Townes,* 1 So. 242 (1887); 29 American & English
Encyclopaedia of Law (2 Ed.), 512, 513; *Bomar et al.*
v. *Smith et al.,* 195 S. W. 964; *Blue* v. *First Nat. Bank
of Elba,* 75 So. 577; *Snead* v. *Groover et al.,* 74 So. 81
(Ala., 1917); *Smith et al.* v. *Smith,* 178 S. W. 1058, 1059
(Ky., 1915); Note to *Bank of Newport* v. *Cook,* 46 Am.
St. Rep. 196, *et seq.; Scottish-American Mortg. Co. Ltd.,*
v. *Ogden et al.,* 21 So. 116 (1896).

More than thirty-three years ago this court held: "A
person may be estopped form setting up usury as a de-
fense. Herman on Estoppel, secs. 911, 1012; 1 Daniel

on Neg. Inst., sec. 859; Tyler on Usury, 418, 419, and the facts of the case make the principle applicable." *J. A. S. Henderson and Wife* v. *F. H. Hartman,* 65 Miss. 466, 468.

Can it be possible that a debtor may soothe his creditor with pleasing words; lull him with captivating promises that his security will never be impaired, nor his financial interests endangered, yet drawing upon his exchequer until exhaustion is threatened; burden him with obligations no other would assume; and then repay him with reproaches, and seek his discomfiture by precipitating a controversy based upon fanciful grievances stale with age, and mantled with the dust of time?

*Fulton Thompson,* and *R. H. & J. H. Thompson,* also for appellants.

The exhibits clearly demonstrate that not even as much as ten per centum per annum interest was ever charged the complainant by M. Levy & Sons.

Remember this is not a suit to enforce the payment of a debt charged to be due by the complainant. It is a suit by the complainant to recover what he claims to have been the payment by him of unlawful interest and, as before said, no such recovery can be had under the laws of Mississippi unless the rate of interest paid exceeded ten per centum per annum.

Were the charges for commissions, because of the failure of complainant to ship M. Levy & Sons the full number of bales of cotton he contracted to ship them, usurious charges? The commissions mentioned are legal and collectible under the laws of Mississippi and as well under the laws of Louisiana. The leading Mississippi supreme court decision is *Chaff* v. *Hughes,* 57 Miss. 256.

The Louisiana supreme court decisions adjudge a contract for such commissions valid and enforcible. *Stewart, etc., Co.* v. *Buard et al.* (1871), 23 La. Ann. 244; *Lichenstein* v. *Lyons* (1906), 40 So. 454.

If the chancery court can be said to have found that the contract to pay commissions on cotton not shipped, was valid or usurious, we submit it so found without evidence to support the finding; the recital of the final decree that the charge was usurious, does not adjudge that the contract to pay the commissions was not an honest one. The transactions between the parties to this suit are governed by the laws of Louisiana and not by the laws of Mississippi, as erroneously found by the chancery court.

The contract of lending and borrowing, whether of money, credit, or anything else, always includes two agreements or contracts. One by the lender to deliver the money or other thing to the borrower, a contract seldom evidenced in writing. The other the borrower's contract to repay the money, satisfy the credit, or return the thing borrowed, usually evidenced in writing. The lender's contract in this case was made in Louisiana and was performed there. *Martin* v. *Johnson* (Georgia), 8 L. R. A. 170.

This is not a suit to enforce an obligation of the borrower, Jeffords. It is a suit by Jeffords, the borrower, to recover payments voluntarily made by him on the claim that the payments were of unlawful interest, based on the conception that the lender's implied contract was to receive from complainant payment alone of the principal of his debt and lawful interest. It is a suit upon the lender's contract made in Louisiana and performed there. But aside from this, the negotiations leading up to the execution of the writings which evidenced the contract between the parties were all had in Louisiana. The complainant went to New Orleans, where M. Levy & Sons resided and carried on business, for the purpose of contracting with them; every service to be rendered him by Levy & Sons was contracted to be and was rendered in New Orleans, Louisiana; everything contracted to be done by complainant was to be done in Louisiana, he was

to ship his cotton to Levy & Sons at New Orleans, and he was to pay them there.

The notes were all delivered and were, therefore executed in Louisiana. They were by their terms payable in Louisiana. Under the decisions of this court the notes were and are to be interpreted and governed by the laws of Louisiana. *Brown etc., Co.* v. *Freeland* (1857), 34 Miss. 181; *Commercial Bank* v. *Auze,* 74 Miss. 609; *Lienkauf-Banking Co.* v. *Haley,* 93 Miss. 613, 46 So. 626. 39 Cyc. 905; Story on Conflict of Laws (8 Ed.), 392, 393.

*T. C. Catchings, H. P. Farish, & J. B. Dabney* for appellee.

I. *The notes and mortgages involved were Mississippi contracts, and are governed by the laws of this state, although the notes were payable in Louisiana. Meroney* v. *Atlanta B. & L. Association,* 47 Am. St. Rep. 848; *Jackson* v. *American Mortgage Co.,* 88 Ga. 756; *Building & Loan Association of Dakota* v. *Griffin* (Tex.), 39 S. W. 656; *Fidelity Savings Association* v. *Shea* (Idaho), 55 Pac. 1022; Wharton on Conflict of Laws, sec. 507; Note to *McGarry* v. *Nicklin,* 55 Am. St. 51; *Brown* v. *Leavitt et al.,* 27 Miss. 801; *Building Association* v. *Brahan,* 80 Miss. 418; *Brown* v. *West,* 80 Miss. 764; *Pope* v. *Marshall* 78 Ga. 635; 29 Am. & Eng. Cyc. 461; *Andrews* v. *Pond et al.,* 13 Pet. 65; 22 Am. & Eng. Ency. Cyc. 1332.

II. *All these contracts were tainted with usury from their inception to the end.* What is the law of this state as applied to these contracts if it shall appear to the court they are all tainted with usury.

Section 1141, Code of 1880, fixes the legal rate of interest at six per cent annually, but authorizes contracts to be made in writing for the payment of as much as ten per cent per annum. It then contains this provision. "and if a greater rate of interest than ten per cent shall be stipulated for in any case, all interest shall be forfeited."

By section 2348 of the Code of 1892, the same provision as to interest is enacted, except that the provision for forfeiture is made to apply if a greater rate of interest than ten per cent shall be received as well as stipulated for.

Clearly, if by the terms and nature of the contract a greater sum is stipulated for than ten per cent, although the stipulation may not be in terms as for interest, that it is deemed to have been stipulated for, otherwise the contract on its face might call for no more than ten per cent, and yet by the terms and conditions of the contract, not expressed in writing there might be a stipulation as the result of which a greater reward than ten·per cent would be received by the vendor. We assume, therefore, that so far as this particular controversy is concerned the provision in the Code of 1880 is the same as that in the Code of 1892. Both statutes authorize suits for the recovery of usurious interest paid or received. No specific period is named and so if any limitation applies it would be the general three-year limitation.

III.  *All usurious interest must be applied to the discharge of the principal, thus elimanating the statute of limitations as to such usury.* Polkinghorne v. Hendricks, 61 Miss. 371; *Union National Bank* v. *Fraser,* 63 Miss. 231; *Dickerson* v. *Thomas,* 67 Miss. 777; *Armor* v. *Bank of Loudon,* 86 Miss. 667; *Fowler* v. *Equitable Trust Co.,* 141 U. S. 384; *Buntyn* v. *B & L. Association,* 86 Miss. 454; *Peeples* v. *Yates,* 88 Miss. 289; *Wallace* v. *Fouche,* 27 Miss. 269; *Allen et al.* v. *Nettle's Admr.,* 2 So. 602; *In re Leeds Co.,* (La.), 21 So. 620; *Thompson* v. *Milne,* 4 La. Ann. 206; *Dannenman* v. *Charlton* (La.), 36 So. 968; Conflict of Laws; Distinction between *Lex Fori* and Foreign Laws; 1 Wigmore on Evidence, sec 5; *Cook* v. *Lillo,* 103 U. S. 792; *Walsh* v. *Mayer et al.,* 111 U. S. 31; *Driesbach* v. *National Bank,* 104 U. S. 52; *Carter* v. *Carusi,* 112 U. S. 478; *Brown* v. *Bank,* 169 U. S. 415.

IV. *Since the chancellor's finding of fact is supported by competent evidence showing usury, the case must be affirmed.* McBroom v. Scottish Mortgage Land Investment Co., 153 U. S. 328; Stevens v. Monongahela Bank, 111 U. S. 197; Slover v. Union Bank (Tenn.), 89 S. W. 399; Weatherhead v. Boyers, 15 Tenn. 545; Rudd v. Planters Bank, 78 Ky. 513; Smith v. Glanton, 39 Tex. 365; Hayes v. Bank of Lewisburg (Tenn.), 39 S. W. 735; Anderson v. Trimble (Ky.), 37 S. W. 71; Pass v. N. E. Mortgage Security Co., 66 Miss. 365.

Argued orally by *R. H. Thompson* and *R. L. Dent* for appellants, and by *H. P. Farish,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellee, Charles S. Jeffords, filed his bill in the chancery court of Issaquena county against appellants M. Levy & Sons, Sigmund Levy, and Sigmund Kohlman, substituted trustee, by which he sought to recover of the Levy firm and Sigmund Levy a large sum of money as usurious interest alleged to have been theretofore paid by appellee to the said appellants during business dealings between the parties for a long period of years, and to extinguish by such usurious interest a mortgage indebtedness on appellee's lands in Issaquena county in favor of appellant Sigmund Levy, amounting to something like ten thousand dollars, and to cancel such mortgage and the notes it was given to secure. There was a trial on the pleadings and proofs and a final decree rendered granting the prayer of appellee's bill to the extent that the mortgage in question and the notes secured thereby were canceled and recovery over against appellants M. Levy & Sons, of seven hundred thirty-nine dollars and eighty-five cents. The further relief prayed for by appellee in his bill was denied. From that decree appellants prosecute this appeal.

We deem only one question in the case of sufficient importance to the bench and bar to call for a discussion;

that is, whether or not the notes involved, being payable in Louisiana and secured by a mortgage on land in this state, are governed by the laws of Louisiana or by the laws of Mississippi. If they are governed by the laws of the latter state, it is clear that the many notes and mortgages to secure same, executed by appellee to appellants M. Levy & Sons and Sigmund Levy during their long period of dealings, were usurious, and the decree of the court was justified.

The trial court took the view that the notes and transactions connected therewith were governed by the laws of this state. As will be seen later, we are of the same opinion. It is therefore, of course, unnecessary to decide whether or not, if the transactions in question were governed by the laws of Louisiana, the interest contracted for and collected would be usurious under the laws of that state.

Appellee was a large cotton planter in Issaquena county in this state, and resided in this state. Appellants M. Levy & Sons were cotton merchants in the city of New Orleans, La. Appellant Sigmund Levy was also a resident of New Orleans. Covering a period of something like twenty years, appellee borrowed money from appellants M. Levy & Sons with which to finance his planting and other interests in Issaquena county. Annually he gave notes for money so borrowed and for balances carried over, which were often large, and gave mortgages on his lands and other property in Issaquena county to secure such notes. The mortgages had various stipulations in them. Among other things they provided that appellee should annually ship to appellants M. Levy & Sons his cotton crop raised in this state, fixing a minimum of bales that should be shipped. After continuing these transactions for a number of years, appellant Sigmund Levy took by assignment the notes and deed of trust covering the balance due by appellee to appellants M. Levy & Sons. Appellee made payments to Sigmund Levy, and the notes and mortgages for balances

were renewed from time to time. When the bill in this case was filed there was a balance due of something like ten thousand dollars.

Appellee alleged in his bill, and the trial court so found, that appellant Sigmund Levy was a mere figurehead; that from the beginning to the end of the transactions had by appellee with appellants, the Levys, the real and true owner of the indebtedness due by appellee was M. Levy & Sons, and not Sigmund Levy.

Undoubtedly the general rule is that where a note is executed in one state and made due and payable in another, the rights and obligations of the parties are governed by the laws of the state where the note is payable. But that is not true of notes of the character of those in-involved in this cause. Notes alone did not constitute the entire contract between the parties here. They were renewed annually for balances, and mortgages were taken on lands and other property in this state, as stated, to secure such balances, as well as advances to be made during the current year. Execution of the notes and mortgages were parts of one and the same transaction. There was no intention of the parties that the execution of the notes should be separate transactions from the execution of the mortgages. They constituted one contract, not two contracts. In case of foreclosure of the mortgages, either through the courts or by sale *in pais,* it had to be done here and under the laws of this state. The cotton to be raised on appellee's plantation and shipped to appellants M. Levy & Sons under the stipulation in the mortgages was to be raised in this state. The money advanced appellee by appellants was for the purpose of carrying on his farming interests in this state. In other words, the larger part of the contract, in fact all of it except the mere place of the payment of the money, was to be performed in this state and not in Louisiana.

We hold that under the facts of this case the question of usury was governed by the laws of Mississippi and not

Louisiana. *Meroney* v. *Atlanta Building & Loan Association*, 116 N. C. 882, 21 S. E. 924, 47 Am. St. Rep. 848; *Jackson* v. *American Mortgage Co.*, 88 Ga. 756, 15 S. E. 812; *Building & Loan Association* v. *Griffin*, 90 Tex. 480, 39 S. W. 656; *Fidelity Savings Association* v. *Shea*, 6 Idaho, 405, 55 P. 1022; *Thompson* v. *Edyards*, 85 Ind. 414; Wharton on Conflict of Laws, sections 504-510; *Building & Loan Association* v. *Brahan*, 80 Miss. 418, 31 So. 840.

We think it is sufficient to say with reference to the other questions decided by the trial court, that they were principally questions of fact. There was little, if any, controversy between the parties as to the applicable principles of law. We have given these questions the very best consideration of which we are capable, spending a great deal of time going through and considering the voluminous record and arguments and briefs in the cause.

We are of the opinion that the trial court was justified in reaching the conclusions embodied in the final decree.

*Affirmed.*