## SIMS *v.* BOYD.

ATKINSON, J. In an action to enjoin a proprietor from "placing any obstruction across or in" an alleged "private road" extending through his land and which plaintiff had used for more than seven years as his only way of ingress and egress to and from his home, and from "attempting to close up the same, and from interfering in any manner with the free and open use of the same by petitioner, his family, and the public," the defendant admitted the existence of a footpath across his land, and alleged that he had recently purchased the land without notice of the existence of a private way, and that on the day before the restraining order and prior to the filing and service of the petition he had constructed a fence across the path or alleged "road." He denied plaintiff's right to use it and also that it was plaintiff's only means of access to

his home. At the interlocutory hearing it was shown by uncontradicted evidence that the fence had been constructed as alleged in the answer. On all other issues of fact evidence was introduced by both parties in support of their respective pleadings. In the seventh paragraph of the petition it was alleged: "That said defendants are preparing to and intend to erect a fence across, plough across, and otherwise obstruct said road, and are about to close it up." The judge temporarily enjoined the defendant "from obstructing said road or in any manner interfering with the said plaintiff and his family in the free and open use of said road." The bill of exceptions assigning error on the judgment states that the judge, in connection with the judgment, "instructed orally that the fence referred to be removed by the defendants." In addition to the evidence set forth in the bill of exceptions, other evidence that had been inadvertently omitted was sent up by subsequent order of the judge on application of the defendant in error in accordance with the Civil Code, § 6149. *Held:*

1. The oral instruction given by the judge to remove the fence was no part of the judgment upon which error was assigned.

2. Construing the judgment in connection with the pleadings, the main purpose of the judgment was to restrain maintenance of the fence which the evidence discloses existed prior to institution of the suit. To this extent the judgment was mandatory in character and erroneous. Civil Code, § 5499; *Simmons* v. *Lindsay*, 144 *Ga*. 845 (88 S. E. 199). The case differs from *Sweetman* v. *Owens*, 147 *Ga*. 436 (94 S. E. 542), *Georgia Southwestern & Gulf Railroad Co.* v. *Georgia-Alabama Power Co.*, 152 *Ga*. 172 (108 S. E. 521), *Spencer* v. *Tumlin*, 155 *Ga*. 341 (116 S. E. 600), *Phinizy* v. *Gardner*, 159 *Ga*. 136 (2) (125 S. E. 195), *Peebles* v. *Perkins*, 165 *Ga*. 159 (6) (140 S. E. 360), and similar cases where the main purpose was to restrain a continuing nuisance and only incidentally to require doing of an act.

3. The judgment should also be construed as having for its main purpose temporary restraint of the defendant from obstructing the road by ploughing across it, closing it up, or by other means than by maintenance of the fence depriving the plaintiff and his family of its uninterrupted use. As relates to all such matters not shown to have been accomplished, there was no abuse of discretion by the judge. *Phinizy* v. *Gardner*, supra.

4. The plaintiff in error having obtained a substantial modification of the judgment upon which error was assigned, the costs of bringing the case to the Supreme Court will be assessed against the defendant in error.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hill, J., absent because of illness.*

No. 9208. AUGUST 9, 1933.

*Ernest J. Haar,* for plaintiffs in error. *John J. Hennessy,* contra.