BYRD *v.* EQUITABLE LIFE ASSURANCE SOCIETY *et al.*

No. 12070. FEBRUARY 18, 1938. REHEARING DENIED MARCH 16, 1938.

634

*Robert B. Blackburn,* for plaintiff.

*Alston, Alston, Foster & Moise,* for defendant.

GRICE, Justice. ■ We deal first with the contention that the burden of proof was on the plaintiff. There is no merit in this contention. Of course, ordinarily the burden of proof is on the plaintiff in an equity case, as was held in *Guerry* v. *Perryman,* 6 *Ga.* 119. And it is true, as held in *Southern Mutual Building & Loan Association* v. *Perry,* 103 *Ga.* 800 (30 S. E. 658), that an admission by the defendants in a proceeding to foreclose a negotiable mortgage note, that they executed the paper, and that the plaintiff is the owner thereof, entitles the defendant to open and conclude. But the case under consideration here is not like either one of those cited. It is necessary, in deciding this question, to recall exactly what the situation was at the time the case went to trial before the jury. Mrs. Byrd filed a suit to enjoin a foreclosure of the deed to secure debt which she executed to the Equitable Life Assurance Society. She alleged that in fact the debt was not in default, because it had been extended. The defendant filed an answer in the nature of a cross-bill in orderly numbered paragraphs. The plaintiff filed an answer to the cross-action. The original petition was dismissed on motion. This left only the cross-petition and the plaintiff's answer thereto. The cross-action is a complete suit. The first paragraph describes the defendant therein (original plaintiff). The second paragraph alleges the execution of the note. The third paragraph alleges that defendant (plaintiff) executed the security deed. The cross-petition then sets out the extension agreement which expired on March 1, 1933; alleges that the indebtedness "has matured and is now past due;" describes a notice for attorney's fees as having been served; charges that the plaintiff has failed to pay taxes, which constitutes a default in the terms and conditions of the deed; and asks for a receiver to take charge of the rents of the property, on an allegation of plaintiff's insolvency. In her answer to this cross-petition the plaintiff admitted the execution of the note and deed, which had never been at issue between the parties at any stage of the

case. But she denied every other material allegation of the cross-petition, and put the creditor on proof of these allegations. Now the gist of the cross-petition was that there had been such a default on the part of the plaintiff as authorized the defendant to foreclose in equity and obtain a judgment for the full amount of the debt. The plaintiff denied in her answer that there had been such default. The burden then was on the defendant to prove the default. The plaintiff would have had to admit the default and plead an affirmative defense as voiding it, before it could be said that such a prima facie case was admitted as entitled the plaintiff to open and conclude. Denial of any allegation essential to the cause of action stated in the cross-petition left on the defendant the burden of proof. Thus, in a case where defendant admitted the execution of a note and mortgage sued on, it was held that plaintiff nevertheless carried the burden of proof, because the amount sued for was not admitted by the defendant in his answer and the plaintiff had to prove it. *Culver* v. *Wood,* 138 *Ga.* 60 (74 S. E. 790). Where an answer denied substantial paragraphs of a petition in a suit on a promissory note, it was held not to admit a prima facie case so as to give the defendant the right to open and conclude the argument. *Hendricks* v. *Lott,* 143 *Ga.* 647 (85 S. E. 843). The substantial paragraphs of the cross-petition—the paragraphs that really set out the cross-action—were not admitted by the plaintiff. On the contrary they were vehemently denied. Therefore the defendant carried the burden, and the court was right in so holding.

■ The plaintiff in error makes the contention that the Equitable Life Assurance Society waived its right to accelerate the maturity of the debt and foreclose its security deed. The original petition of Mrs. Byrd alleged that the defendant had agreed to accept at stated times payments on account of past-due interest. This, it is claimed, was a waiver of the right to insist on immediate payment. The loan was thereby "reinstated;" and therefore the plaintiff insists that the defendant had no right to foreclose. Additional facts on the same line were alleged in the plaintiff's last amendment to her answer to the cross-action. The court dismissed the petition on motion, and on objection disallowed the amendment, both on the idea that the facts pleaded did not show a waiver. Subsequently evidence to show that the loan was thus "reinstated" was excluded on objection that it was irrelevant. And the court

refused to submit to the jury the question whether defendant had waived its right to declare the entire debt due on default by plaintiff, and to foreclose under the power of sale in the deed to secure debt. We think that the judge was right in all these rulings. It was necessary for the plaintiff to show a new contract with the defendant, as the basis of the waiver she attempted to set up. She failed to show such a contract, because she did not allege any consideration for it. It appears only that she promised to make payments that she was already under obligation to make by the express terms of her contract. The facts pleaded show a mere indulgence by the creditor, without any consideration whatever. Extension of the time of maturity of the debt under such circumstances was a mere matter of grace on the part of the defendant, and did not deprive it of any right it possessed under the contract. That such agreements are nudum pactum and unenforceable is well settled by decisions of this court. *Tatum* v. *Morgan,* 108 *Ga.* 336 (33 S. E. 940); *Druid Hills* v. *Doughman,* 171 *Ga.* 521 (156 S. E. 229); *Cox* v. *Henry,* 172 *Ga.* 609 (158 S. E. 296). There was no "reinstatement" of the loan under the facts alleged. Defendant could legally insist on its contract. Plaintiff was in default. And defendant had the right to foreclose.

■ After the dismissal of the original petition, the plaintiff made motion to dismiss the answer and cross-petition, which the court overruled. On ground of that motion was that the answer and cross-action were not germane to the case alleged in the petition. Of course the parts of this pleading that were purely responsive to the petition became immaterial when the petition was dismissed. But the cross-petition was germane. The original petition sought to enjoin a sale under the power in the security deed executed by plaintiff to defendant. The cross-petition pleaded default by plaintiff in payment of the note secured by the deed which was the basis of the petition, prayed judgment for the full amount of the note, and, on an allegation that plaintiff was insolvent, asked ancillary equitable relief through appointment of a receiver to collect and hold the rents arising from the property conveyed by the security deed. It will be seen from this brief statement of the contents of the pleadings that the cross-action covered the same subject-matter as the petition. We have, moreover, decided the precise question contrary to plaintiff's contention.

In *Ray* v. *Home & Foreign Investment &c. Co.*, 106 *Ga.* 492 (3) (32 S. E. 603), this court said: "Where a petition prayed for an injunction against defendant to restrain him from exercising a power of sale in a deed given by the plaintiff to secure the payment of promissory notes, an answer of the defendant, in the nature of a cross-bill, which prayed for a general judgment on the notes and a judgment setting up a special lien on the land, contained matter germane to that set up in the original petition."

Another ground of the motion to dismiss the cross-action was that it was not germane, because it was filed after final judgment in the case, rendered on May 30, 1935. The trouble with this contention is that the judgment referred to is in no sense a final judgment. It was entered at an interlocutory hearing set by the rule nisi issued on plaintiff's petition for injunction. It settled nothing. It recited a statement in open court by counsel for defendant that the sale it was sought to enjoin would not take place, suspended defendant's right to foreclose pending five monthly payments by plaintiff on the debt, and undertook to preserve defendant's rights under a notice for attorney's fees already given. Its intent was merely to preserve the status while plaintiff was given the opportunity to make some satisfactory adjustment of her loan. Nor is there any merit in the ground of the motion to dismiss the cross-action that the dismissal of the petition necessarily resulted in the dismissal of the cross-petition. Counsel cites, on this ground, the case of *Johnamsen* v. *Tarver,* 74 *Ga.* 402. It was there held, as counsel says, that where a bill in equity was dismissed on demurrer, the dismissal of the bill carried with it a cross-bill which had been filed by the defendant. But the case was decided before the enactment of the uniform-procedure act of 1887 (Code, § 81-101), under which legal or equitable relief, or both, may be had in the same action. The *Johnamsen* case was specifically distinguished on this ground, in *Lacher* v. *Manley,* 139 *Ga.* 802 (78 S. E. 188), where it was held, that, since the passage of the uniform-procedure act, the dismissal of a petition as without equity does not carry with it a cross-bill filed by the defendant, germane to the petition, although the relief sought in the cross-action is not equitable in character and is cognizable only in a court of law. See also *Ryan* v. *Fulghum,* 96 *Ga.* 234 (4) (22 S. E. 940), on which the decision in *Lacher* v. *Manley* was based. There is no

good reason why a court with jurisdiction in both law and equity should dismiss a cross-action in an equity suit in order merely that it may be brought again as an action at law. And if there were, it would not apply in this case, because the cross-petition here seeks also equitable relief.

It is urged that the cross-petition should have been dismissed because the questions it raised were moot after the dismissal of the original petition. We do not perceive how the dismissal of the petition as not stating a cause of action could make moot the issues raised by the cross-action. The petition sought to enjoin foreclosure of a security deed, on the idea that the secured debt was not in default. It was dismissed because the facts pleaded showed that the debt was due when the foreclosure was begun. The cross-petition began there, and sought a judgment for the amount of the debt and the appointment of a receiver to hold the rents pending a judgment. A moot case is one which seeks to determine an abstract question which does not arise upon existing facts and rights. The courts will not decide a case in which a party craves a determination and declaration of his rights, but does not ask that the other party be decreed to do or pay anything. *Southern Railway Co.* v. *State,* 116 *Ga.* 276, 278 (42 S. E. 508). This cross-action presents no abstract question. It seeks no declaration of a speculative right. It asks for a money judgment and a receiver pending suit. Whatever infirmities, if any, it may be subject to, in no event can it be said to present a moot case. On the contrary, it is intensely practical and alive with actuality, seeking the use of the machinery of the law for the realistic purpose of collecting a past-due debt.

■ Beginning with the first amendment to her answer to the cross-action, plaintiff persistently urged that her contract with defendant was usurious. The court ruled that the contract was not usurious. Various exceptions to rulings on demurrers, and to the court's refusal to submit the question of usury to the jury, complain of these rulings. The questions thus raised arise out of provisions in the contract allowing interest on interest. The rate of interest specified in the contract was six per cent. per annum. The deed to secure debt provides that interest at the rate named is to be evidenced by semi-annual interest notes payable on specified dates, and that the interest notes are to bear interest after maturity at

the rate of eight per cent. per annum. Plaintiff's first contention on this branch of the case is that the contract is a New York contract; that the law of New York makes it unlawful to charge more than six per cent. interest; that usurious contracts in New York are void; and, therefore, that this contract is void as matter of law, because part of the payments made by plaintiff were credited on interest on past-due interest calculated at the rate of eight per cent. It does appear from the record that defendant credited part of the payments as claimed. But it does not follow that the contract is void; for the contract is not a New York contract. The note executed by plaintiff says in terms: "This contract is to be construed and enforced according to the laws of the State of Georgia." The security deed referred to in the note is captioned, "Georgia, Fulton County," conveys property in Georgia, is witnessed by a Georgia notary, is recorded in Fulton County, and recites that it "is made under the provisions of sections 3306, 3310, and 6037 of Park's Annotated Code of the State of Georgia, and any acts of the General Assembly amendatory thereof, to secure a note," etc. Plaintiff was a resident of the City of Atlanta, the papers were executed there, and apparently the money was paid to her there. The note does recite that it is payable at the home office of the company in New York City. The deed provides for payment in gold coin, "together with the current rate of exchange on the City of New York."

The parties could hardly have done more to make the contract a Georgia contract. Nothing in the papers themselves indicates a contrary intention. The provision for payment in New York in the note, construed in connection with the clause quoted above from the deed, is nothing more than a provision that plaintiff shall pay the exchange on funds transmitted to New York in payment of the debt. It does not make the City of New York the place of performance. Our law provides that a contract shall bear interest according to the law of the place of the contract at the time of the contract, unless upon its face it shall be apparent that the intention of the parties referred the execution of the contract to another forum, in which case the law of the forum shall govern. Code, § 57-106. The case is squarely within the Code section. The only intent deducible from the papers themselves is to make in Georgia a contract to be executed in Georgia. On facts almost

exactly similar, it was held that a note secured by deed to land in this State was a Georgia contract, and not a New York contract. *Jackson* v. *American Mortgage Co.*, 88 *Ga.* 756 (15 S. E. 812). The following quotation from the opinion of Judge Bleckley in that case applies here with equal force: "As the parties evidently intended to bring into existence Georgia notes and a Georgia deed, the transaction as a whole may be looked at as if Jackson, standing in Georgia, had, by means of the three intermediaries, lengthened his arms so as to deliver the papers directly from his own hands to Sherwood, standing in New York. There was no intention to make the notes effectual without making the deed effectual also. There was no intention to make a loan without having it secured both by notes and a deed. It was therefore impossible to accomplish the object without calling in the law of Georgia as to a part of the transaction. New York had no law which could make any contract conveying land situated in Georgia operative or obligatory. As the law of Georgia would thus be essential with respect to a part of the transaction, that law, if possible, ought to be applied to the whole. There was no intention to make a mere personal contract, but the scheme was to make one partly personal and partly confined by its very nature to a given *situs*, to wit, the State of Georgia. There is no trace of any purpose or attempt to evade or violate the usury laws of New York. The manifest intention of the parties was to make a valid and binding contract, evidenced in part by notes and in part by a deed, in view of the laws of Georgia. We think they succeeded in so doing. Dugan v. Lewis, 79 Tex. 246, 14 S. W. Rep. 1024; Kellogg v. Miller, 13 Fed. Rep. 198." See also *Taylor* v. *American Freehold Land Mortgage Co.*, 106 *Ga.* 238 (32 S. E. 153); *First National Bank* v. *Rambo*, 143 *Ga.* 665 (85 S. E. 840).

But the plaintiff contends that the contract is usurious as a Georgia contract. This contention is based on the facts on which it is urged that the contract is a New York contract. Interest was payable semi-annually. The obligation to pay interest was evidenced by semi-annual coupon interest notes which bore interest at eight per cent. after maturity. The charging of interest on these interest notes when they were past due is said to constitute usury, because interest can not be legally exacted on interest. There is no merit in this contention. Liquidated demands bear interest. Code, § 57-110. When an obligation to pay interest is

put in the form of an interest note, that note becomes a liquidated demand; and when it is not paid at maturity it bears interest as such, certainly if the parties have contracted that it should. This has been settled law in Georgia since an early date. The authorities are collected in *Pendergrass* v. *New York Life Insurance Co.,* 163 *Ga.* 671, 677 (137 S. E. 36), where it was held that "a contract to pay eight per cent. per annum semi-annually, with interest on the semi-annual payments of interest after due, does not constitute usury."

■ The plaintiff's petition to enjoin the sale of her property, on the ground that the principal debt was not due, was filed May 21, 1935. On May 23, 1935, the defendant gave notice of its intention to bring suit or file cross-action, which notice contained the following: "This is to advise you that it is the intention of the holder of said note to enter suit thereon or file cross-bill and answer in the pending suit brought by Mrs. Cora M. Byrd against the Equitable Life Assurance Society of the United States, in the superior court of Fulton County, and numbered 107049. Said suit or cross-bill will be filed on Monday, June 3rd, and in the event suit is brought the same will be returnable to the July term, 1935, of the superior court of Fulton County, which term commences on the first Monday in July, 1935, and said court convenes at the Fulton County court-house, Atlanta, Georgia. Said pending suit is also returnable to said term of said court." It is declared in the Code, § 20-506, that an agreement and promise to pay attorney's fees upon any note, in addition to the rate of interest specified therein, can not be enforced unless "the holder of the obligation sued upon, his agent, or attorney notifies the defendant in writing, ten days before suit is brought, of his intention to bring suit, and also the term of the court to which suit will be brought." The notice given stated that "suit or cross-bill will be filed on Monday, June 3rd, and in the event suit is brought the same will be returnable to the July term, 1935, of the superior court of Fulton County." The defendant did not file suit or cross-action returnable to the July term, 1935, and not until October 15, 1935; and no additional notice to file suit at the later term was given. At the interlocutory hearing on May 30, 1935, the court passed an order in which it was recited: "The rights under notice for attorney's fees already renewed [sic] are not affected by this order."

■

Both parties had rights under that notice: the one giving the notice the right to have a judgment for attorney's fees in the amount of ten per cent. of whatever verdict for principal and interest might be found in its favor; the other, the right to defeat any such finding as attorney's fees should there be a failure to comply with the terms of the notice and the statute. It would seem, therefore, that the court's order should be construed to mean that the rights of the parties under the notice given would not be *prejudiced* by the court's interlocutory order. To hold that the court, by its order, preserved to the defendant the right to recover ten per cent. attorney's fees in whatever suit it might file at some indefinite date in the future, without further requirement as to notice, would be to disregard the express provisions of the statute.

Nor did the order passed on July 9, 1935, after the return day for the July term, extending the time for answering the petition, have the effect of relieving the defendant of the necessity of giving another notice of intention to sue; especially since it does not appear that the plaintiff knew of defendant's motion for extension of time or for a reinstatement of the case. No order, of course, was necessary to authorize the defendant to sue on the note at any time; but in order to enforce a promise to pay the additional attorney's fees, notice of intention to file suit, and the term to which it would be returnable, is required by the statute. When upon the trial the above-quoted notice of intention to file suit or cross-action returnable to the July term was offered in evidence, the plaintiff objected on the grounds that it was without probative value; that, being in the disjunctive form, it was not sufficiently definite; and that it was inadmissible, since the time of filing suit on the note was two terms later than that stated in the notice. The objections were overruled, and the notice was admitted; and the jury awarded ten per cent. attorney's fees in addition to the aggregate of principal and interest. The ground of the motion for new trial based upon plaintiff's contention just stated was meritorious. *Turner* v. *Peacock*, 153 *Ga.* 870 (5) (113 S. E. 585). The request to review and overrule that case is denied.

■ All assignments of error and grounds of the motion not herein specifically dealt with have been carefully considered, but fail to show reversible error. The judgment is affirmed, with direction that the sum of $5,646.25, awarded by the jury as attor-

ney's fees, be stricken from the judgment; but the costs are assessed against the defendant in error.

*Judgment affirmed, with direction. All the Justices concur.*

ON MOTION FOR REHEARING.

In the opinion heretofore filed, the costs referred to are only those which were necessary to bring the case to this court, and having it heard herein. "The plaintiff in error having obtained a substantial modification of the judgment upon which error was assigned, the costs of bringing the case to the Supreme Court will be assessed against the defendant in error." *Sims* v. *Boyd,* 177 *Ga.* 465 (170 S. E. 375).